## WILLIAM H. BODFISH *versus* EDWARD FOX & *al.*

There are general and particular customs, and those relating to a particular trade or business. General customs are such, as prevail throughout a country, and become the law of that country; and their existence is to be determined by the Court. Particular customs are such, as prevail in some county, city, town, parish, or place; their existence is to be determined by a jury upon proof; the Court may overrule such customs, if they be against natural reason; and when *proved and allowed, they are binding upon all over whom they operate.*

There are usages also showing a particular mode, or, amount of compensation in a particular business or employment; but these do not necessarily bind all, and can never be allowed to operate against an express contract.

It is competent to admit testimony to prove the usual compensation claimed and paid, for the purpose of enabling a jury to determine what is a reasonable compensation, in the absence of a special contract, in cases of the like kind, such as the usual charge for wharfage, for freight or carriage of goods, for the services of commission merchants, auctioneers, of the various classes of mechanics, of physicians and of attorneys.

But there must be some proof, that the contract of employment had reference to the usage, or proof arising out of the position of the parties, their knowledge of the course of business, their knowledge of the usage, or other circumstances, from which it can be inferred or presumed, that they had reference to it, or it will not necessarily be binding upon them.

When a usage, regulating the compensation to be paid for a particular description of personal services, has been proved, whether the usage be, or be not reasonable, is for the decision of the Court and not of the jury. The true question for the consideration of the jury, in such case, is, whether the usage was so generally known and acted upon that the parties, from that and the other facts and circumstances proved, must be presumed to have had reference to it for the compensation to be paid; as in such case it would become, as it were, a part of their agreement, and binding upon them.

And if there be such error of the District Judge, this Court cannot enter upon the merits of the case, under a bill of exceptions, and decline granting a new trial, on the ground that the usage proved was an unreasonable one.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding. Assumpsit for money had and received by the defendants, partners in practice of the law in the city of Portland. The defendants admitted that they had received the money in satisfaction of a judgment for costs of a suit recovered by the plaintiff in a suit brought against him in the Circuit Court of the United States by Robert Eastman, for the infringement of

a patent right, in which suit the defendants were the only counsellors and attorneys for the then defendant and present plaintiff, from the entry thereof at May Term, 1838, to the trial and close thereof in October, 1841. The defendants also admitted the receipt of $5,00 from the plaintiff during the pendency of the first suit.

The defendants claimed the right to retain the whole of the bill of costs, exclusive of witnesses' fees and money advanced by their client, the now plaintiff, in addition to the regular charge for term fees and arguing fee, as belonging to them as attorneys in the suit, on a successful defence, by the common usage of the bar in Portland for many years. The plaintiff denied such right, and claimed to recover the costs, above payment of the regular term and arguing fees.

To show the usage, several of the oldest counsellors at law, and most extensive practitioners at the Cumberland Bar, stated, in their depositions, that the practice in that county, in the State and United States Courts, had been for many years for the attorney to charge his client with a term fee at each term, excepting at the term at which the case was argued, when an arguing fee was charged instead thereof; and in addition thereto, when the defendant prevails, to charge his client with the taxable costs, exclusive of witnesses' fees and money advanced by the client. The plaintiff seasonably objected to the admission of this testimony, but it was admitted.

The plaintiff, with the view of showing that the defendants had agreed with him as to the amount of their charges, read a letter from them directed to him at Waterville, dated April 7, 1841, in which they say: "Yours of the 5th inst. we have this day received; in answer, have to say that the U. S. C. C. does sit here on the 1st day of May next. We send you, as requested, our bill against you, and if the cause is tried, our charge for arguing fee and services at the May Term will probably be about $30." With this was sent a bill of the regular charges at each prior term, and of some small payments.

The plaintiff contended, that the usage, in order to avail the defendants, must appear to have been certain, ancient, general,

frequent and reasonable; and that the usage here proved was wanting in these requisites.

REDINGTON J. presiding at the trial, called the attention of the jury to the fact, that there was no proof that Bodfish had travelled to or attended at the Circuit Court, and also to the fact, that the defendants had charged their regular term and arguing fees; and then instructed them, that each branch of business had its general customs or usages, according to which parties are presumed to contract when no particular bargain is made; that in this case, so far as it was necessary for the defendants to show that the usage relied upon was ancient, certain, general and frequent, the depositions, if believed, did sufficiently establish it; that the question whether the usage was a reasonable one, he should refer to them; and that if they found it to be a reasonable one, they ought to allow the defendants' claim; otherwise they ought not to allow it.

The jury found a verdict for the plaintiff, and did not allow the claim of the defendants for the travel or attendance taxed for the plaintiff in Eastman's suit against him; and the defendants filed exceptions.

*J. H. Williams,* for the defendants, said that the point intended to be presented by the exceptions in this case, was, that the *reasonableness of the usage* upon which the defendants rely, *is a question of law merely,* to be adjudged by the Court exclusively; and not to be submitted to the independent decision of the jury, as it was at the trial of this cause. The *truth* of the facts alleged being once ascertained, it is for the Court alone to decide upon their legal character and effect. The reasonableness is a question of equality and degree, and to be adjudged by the reasoning faculties — of legal character, to be determined by legal reason. All that the jury have to deal with in the matter of a usage is, the proof that it is certain, general, frequent, and ancient. Whether it be reasonable or not, is a question for the Court to adjudge.

The following authorities were cited, with comments on some of them. Co. Litt. 62 (a); ib. 97 (b); Com. Dig; Temps, D; Bull. N. P. 275; 1 Bos. & P. 388; 1 T. R. 168;

1 N. H. R. 140; 11 Johns. R. 206; 2 Greenl. 249; 17 Maine R. 230; 1 Wils. 63; Co. Litt. 56 (b); 1 Greenl. 135; Graham on New Trials, 288; 24 Pick. 84; 17 Maine R. 464; 3 Bingh. N. C. 99; 5 Bingh. N. C. 121; 9 Ad. & Ellis, 406.

*Noyes*, for the plaintiff, remarked, that he did not intend to deny that the question of reasonableness or unreasonableness of a usage or custom, is for the Court, and not for the jury; but should contend, that upon other principles of law, equally well established, the plaintiff was entitled to retain his verdict.

No evidence of the usage, in this case, should have been admitted by the Court, and therefore the verdict is right.   There was an express contract between the parties as to the amount of compensation, and this appears by the letter; and no usage can be admitted to vary or change an express contract.   2 Cr. & J. 244; 2 Sumn. 567; Park on Ins. 416; 1 Pick. 29.   It was inadmissible to show, that the costs of travel and attendance, recovered by the present plaintiff against Eastman, were a perquisite of his attorneys in that case.   The costs were by the statute the property of the defendant in that suit, and his right thereto was as perfect, as to any other property he had. No usage can control the acts of the legislature.   17 Maine R. 462; 7 Pet. 28; 21 Pick. 485; 17 Mass. R. 111; 13 Maine R. 171; 1 Pick. 177; 12 Pick. 107; 14 Pick. 142; 2 Wash. C. C. R. 24.

If the evidence was admissible, still the verdict is as it should have been.   This is not a general usage throughout the whole community, of which every person must take notice, but a mere special and local one of certain persons in the County of Cumberland.   The defendant was a resident in the County of Kennebec, and could not be presumed to know of this Cumberland usage.   It should have been proved to have come to his knowledge as matter of fact.   2 Cr. & J. 136.   That a particular usage should have any influence upon the rights of the parties, both must have had knowledge of its existence, and have contracted with reference to it.   9 Pick. 198; 9 Mass. R. 155; 11 Mass. R. 85; 17 Mass. R. 452; 14 Pick.

142. As the plaintiff had no knowledge of any such usage, it should have had no influence on the verdict. The usage set up is an unreasonable one, and should on that ground be disregarded.

The verdict being right, the Court will not grant a new trial. Rev. Stat. c. 97, § 19, and c. 96, § 19, do not require, that a new trial should be granted for every error in the instruction of a Judge; but this Court are to " do therein what to law and justice appertain." If the Judge erroneously submits a question to the jury, which was for the Court, and the jury decide right, a new trial will not be granted. 17 Maine R. 453; 7 Greenl. 442; 15 Maine R. 390; 16 Maine R. 77.

*J. H. Williams,* in reply, protested against the propriety of the course of argument pursued by the plaintiff's counsel. The bill of exceptions should merely state enough of the facts to show the relevancy of the decisions of the questions of law of which complaint is made. They do not show the merits of the case. On exceptions, from the District Court, the only question is, were the rulings and instructions right in point of law. This has been frequently decided in Massachusetts and in our own State. If a different rule is to be adopted, the whole evidence must be stated in each bill of exceptions; a practice which has been decided to be improper. 1 Metc. 230; ib. 503; 18 Maine R. 418; 19 Maine R. 372.

He also contended that the positions taken on behalf of the plaintiff, as the case is now presented, were erroneous, or inapplicable.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendants were permitted to introduce testimony to prove a usage, existing among the members of the legal profession in the county of Cumberland, to charge the travel and attendance taxed for the defendant as a compensation contingent and dependent upon a successful defence, and in addition to the usual charges for services. And the presiding judge submitted the reasonableness of the usage to the decision of the jury. There are general and particular

customs, and those relating to a particular trade or business. General customs are such, as prevail throughout a country and become the law of that country ; and their existence is to be determined by the Court. Particular customs are such, as prevail in some county, city, town, parish, or place. Their existence is to be determined by a jury upon proof. The Court may overrule such a custom, if it be against natural reason. When proved and allowed it is binding upon all, over whom it operates. The customs, or perhaps more appropriately denominated usages, of trade and business, are not necessarily limited to a particular place, but to a particular business or employment. There are usages also showing a particular mode, or amount of compensation in a particular business or employment. But these usages of trade and of compensation do not necessarily bind all, and can never be allowed to operate against an express contract.

It is contended, that the testimony to prove the usage in this case was improperly received, and that, if the jury disregarded it, there is therefore no just cause of complaint. It is not unfrequent to find testimony received, to prove the usual compensation claimed and paid, for the purpose of enabling a jury to determine, what is a reasonable compensation, in the absence of a special contract, in cases of the like kind ; and how far the parties may have contracted with reference to it. Examples may be found in the reception of testimony to prove the usual charge for wharfage, for the freight or carriage of goods, for the services of commission merchants, of auctioneers of merchandize and money brokers, of various classes of mechanics, and of physicians. And as there is one law for all, without regard to the character of the business or calling, the like testimony may be received to enable a jury to decide upon a reasonable compensation for the services of an attorney. It is further contended, that it should not have been received because there was proof in the letter of the defendants of a special contract to perform the services for an agreed compensation. The usage does not appear to be, as the argument supposes, in conflict with the contents of that letter. Nor

does the letter shew, that there was a compensation agreed upon between the parties. It was written, while the suit was pending, and states the charges, which would be claimed for the services performed. The usuage does not present any other or different claim as then existing. It presents one as first arising upon a determination of the suit, favorably for the defendant. Again it is said, that it was improperly received, because the usage would appropriate to the attorney as his property, costs, which by law are taxed for and become the property of the party. The usage as proved does not assume to change the law, and to decide that to be the property of the attorney, which the law determines to be the property of the party. The statement of it is, that it is usual " for the attorney to charge his client with the taxable costs exclusively of witnesses' fees and moneys advanced by the client." This would seem to admit rather than deny, that the legal costs belong to the client, and to claim them of him only as a payment to be made by him out of his own property.

It is further contended, that the usage is an unreasonable one, and might therefore properly be disregarded. It is always within the power of the party to make a special contract for the compensation of his attorney, and no usage can have any effect upon his rights, when he has made one. There is nothing in the usage, which determines, that the compensation must necessarily conform to it, when no such special contract has been made. There must be some proof, that the contract of employment had reference to it, or proof arising out of the position of the parties, their knowledge of the course of business, their knowledge of the usage, or other circumstance, from which it can be inferred or presumed, that they had reference to it, or it will not necessarily be binding upon them. If a usage of this description, which can only bind the parties from actual proof, or such as would authorize the presumption, that they had reference to it in making the contract of employment, could be the proper subject for the consideration of either Court or jury for the purpose of deciding, whether it was unreasonable and void, the Court would not feel authorized to

Bodfish *v.* Fox.

declare it to be so. Especially after it has been declared, that a custom for the advantage of a particular person or corporation to have the sole use of a trade in a certain place may be good, if the one claiming it have stock enough to serve the place. *Mitchell* v. *Reynolds*, 10 Mod. 131. The true question for the consideration of the jury was, whether the usage was so generally known and acted upon, that the parties from that and the other facts and circumstances proved, must be presumed to have had reference to it for the compensation to be paid. In such case it would become, as it were, a part of their agreement and binding upon them. The error consisted in presenting instead of this question, that of the reasonableness of the usage, to the consideration of the jury.

The counsel for the plaintiff further, in effect, contends, that if the testimony was properly received and incorrectly submitted to the jury; that the Court should enter upon a consideration of the merits, and decide, that the usage ought not to have any influence upon the rights of the parties. How far the parties in the contract of employment had, or may be presumed to have had, reference to the usage, is not presented for the consideration of the Court by this bill of exceptions; nor can it be properly made the subject of examination and consideration at this time. To enable it to be properly presented and considered, the exceptions must be sustained, the verdict set aside, and a new trial granted.