# Haas & Bro. *v.* Hudmon Brothers & Co.

*Action by Purchaser, for Breach of Contract of Sale.*

1. *Damages to purchaser, on non-delivery of goods ; custom.*—On the breach of a contract for the sale and delivery of a quantity of bulk-meat, the seller residing and doing business in the city of Chicago, and the purchaser in Opelika, Alabama, the damages the purchaser is entitled to recover, for the part not delivered, is not the market price at Chicago, but the price at Opelika ; but, when the contract is silent as to the measure of damages, this rule may be varied by a general custom of trade.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. J. M. CARMICHAEL.

GEO. P. HARRISON, Jr., for appellant, cited 1 Greenl. Ev., §§ 292-94; 1 Add. Contracts, § 244, and cases there cited; *Hurst v. North*, 40 Penn. St. 241; *Bank v. Triplett*, 1 Pet. 25; *Sleight v. Hartshorne*, 2 Johns. 531; *Bodfish v. Fox*, 23 Maine, 90; *Railway Co. v. Kolb*, 73 Ala. 396; *Railroad Co. v. Johnson*, 75 Ala. 596; *Barlow v. Lambert*, 28 Ala. 704,

JNO. M. CHILTON, *contra.*

STONE, C. J.—The present action was brought by appellees against appellants, for the alleged breach of an executory contract. The contract was oral, and the proof tends to show its terms were substantially those set out in the complaint. In the complaint it is averred that defendants, A. Haas & Bro., "sold and agreed to deliver to plaintiffs, at the city of Opelika, Alabama, within a reasonable time thereafter, one car load of bacon (bulk-meats?) to be sound and in good order, said bacon (bulk-meats) to be of the weight of twenty-five thousand pounds, at and for the price of nine and three-quarter cents per pound." Hass & Bro. were doing business in Chicago, Illinois, from which place the meat was to be shipped.

In due time the meat was shipped and arrived in Opelika, Ala. No contest is raised over the quantity shipped, nor the time of its arrival at Opelika. Nor is it denied that the purchasing house was ready and able to receive and pay for the meat on delivery. The real contention is as follows: When the meat arrived at Opelika, it was discovered that some 400 lbs. of it was soured and damaged. The sellers were willing to take that back, and allow the purchasers a credit at the Chicago price. In other words, they were willing to treat that much as neither sold nor delivered, and claim payment at the agreed price only for the sound meat delivered. The purchasers claimed that the sellers should account for the damaged meat at the Opelika price. This difference of opinion caused the present suit.

The contract, it will be observed, required the sellers to deliver the meat at Opelika. It necessarily follows, if there be nothing to vary the rule, that the damage for non-delivery is governed by the price at Opelika. It is contended, how-

[Haas & Bro v. Hudmon Brothers & Co.]

ever, that there was a general custom of trade, varying the rule; and that the custom was so general, and had prevailed so long, that the parties must be presumed to have contracted in reference to it. Under this custom it is claimed that, in cases like the present, the price at the point of shipment is the measure of damages for non-delivery. The contract is silent on this question. In the absence of all proof save the contract and its breach, the contention of the plaintiff below—appellee here—must prevail. Defendants pleaded this custom in bar of the action. Is it competent to engraft the provision contended for on the contract, by proof of a custom of trade?

We concede that proof of custom can not be received to vary the express stipulations of a contract.—*Barlow v. Lambert*, 28 Ala. 704. The present contract did not specify any rule for the measurement of damages in the event of a breach. That was left to legal implications. A demurrer was sustained to the plea which set up the alleged custom of trade, and the testimony offered in support of it was all ruled out. This could have been done only on the theory, that the terms of the contract were such that they precluded proof of such custom.

The constituents of a custom of trade, sufficient to vary the implications of an express contract, have been many times considered in this court. To avail, it must, among other things, have been established and acted on generally, and sufficiently long to raise a presumption of its knowledge. *Barlow v. Lambert*, 28 Ala. 704; *Smith v. Rice*, 56 Ala. 417; *M. & M. R'y Co. v. Jay*, 61 Ala. 247; *M. & E. R'y Co. v. Kolb*, 73 Ala. 396; *Herring v. Skaggs*, Ib. 446; *Smith, v. Aiken*, 75 Ala. 209; *E. T., Va. & Ga. R. R. Co. v. Johnston*, Ib. 596; 6 Wait Ac. & Def. 624; *Bodfish v. Fox*, 23 Me. 90. There is no rule of mere law which forbids the making of the defense, offered as it was in this case. Whether the proof was sufficient, was a question for the jury under proper instructions.

Plea No. 3 was sufficient, and the Circuit Court erred in sustaining the demurrer to it. There were also errors in excluding testimony, but we need not point them out. What we have said will be a sufficient guide on another trial.

Reversed and remanded.