## COLE *vs.* SWANSTON *et al.*

On a sale of chattels, where no time of payment and no time for delivery are agreed upon, delivery and payment are concurrent acts ; and neither party can maintain an action for non-performance, without showing a readiness and willingness to perform on his part.

Upon part delivery of goods, and an inability on the part of the vendor to deliver the whole quantity sold, he is, nevertheless, entitled to recover the stipulated price of the quantity actually delivered, deducting therefrom the damages sustained by the purchaser on account of the non-delivery of the whole.

Damages which do not legally result from the breach of the contract, cannot be recovered, unless they are specially claimed and set forth in the pleading ; thus, damages sustained by a vendee of goods by reason of his inability to comply with a contract made by him with a third person, do not legally result from a breach of the contract of his vendor to deliver the goods to him, and, in an action by his vendor against him, cannot be recouped from the plaintiff's claim, unless such damages are specially alleged and set forth in the answer.

Where a judgment was affirmed in part, and reversed in part, the respondent was allowed his costs in the court below, but was required to pay the costs of the appeal.

APPEAL from the court of First Instance of the district of San Francisco. The plaintiff, through his agent M. Dore, sold to the defendants on the 21st day of December, 1849, fifty thousand three hundred and twenty-five feet of lumber, then being, or supposed to be, on board of a ship in the harbor of San Francisco. The contract was in the form of a sale note, of which the following is a copy :—

" Sold Messrs. Swanston & Taylor, 50,325 feet lumber, *ex* Duchess Clarence, for account Captain Cole, @ $150 per M.
" 21st Dec. 1849.                          M. DORE."

A portion of the lumber, amounting to 12,958 ft. was delivered to the defendants, and the balance of the cargo, being only 17,649 ft., was sold by Captain Cole, on account, as is claimed, of the purchasers, at the price of $760,72. That was the only lumber which Captain Cole owned, and the whole quantity on board the *Duchess Clarence ;* and at the time the sale was made

to the defendants, the plaintiff, instead of having lumber to dispose of to the amount of 50,325 ft., the quantity called for by the sale note, he had only 30,607 ft.

No time or place was agreed upon for the delivery of the lumber at the time the sale note was made, although the course of conduct of both parties showed clearly that it was in their contemplation, that the plaintiff should deliver the lumber to the defendants in lighters at the side of the vessel. The quantity which was received by the defendants, was delivered in this manner.

The evidence shows that the defendants, on several occasions after the delivery of the 12,958 ft., sent lighters out to the vessel for portions of the balance, but were unable to procure any more. Several letters passed between the parties, in which the plaintiff, on his side, complained that the defendants did not remove the lumber, and the defendants, on their part, that they were desirous of receiving it, and had sent for it several times, but were unable to get it. Matters continued in this situation until the 14th day of January, 1850, when the defendants addressed a note to the plaintiff, in which they say, that in consequence of the delay and expense incurred in delivering the lumber, they should not receive any more, and that they should hold the plaintiff responsible for the expenses incurred by the non-delivery, and also for the damages which might be recovered against them in two actions about to be brought against them by purchasers of portions of the lumber from them, as also for their profits on such re-sales.

On the 21st day of January the plaintiff addressed a note to the defendants, in which he gave them notice, that unless they removed the lumber within two days, he should proceed to sell the same at public auction, and should hold them responsible for all loss, damage, and expense, which he should sustain in consequence of their default in carrying out their contract of purchase. This letter was answered by the defendants the next day. In their answer they sent an account of the damages which they claimed to have sustained by reason of the non-fulfilment of the contract on the part of the plaintiff, and notified

Cole *v.* Swanston.

him that an action had been brought against them for non-delivery of a portion of the lumber by a purchaser to whom they had sold, and that they should hold the plaintiff responsible for any damages which should be recovered against them.

This action was then brought to recover for the lumber actually delivered, at the rate of $150 per thousand feet, and also for the difference between the nett proceeds of that portion sold by the plaintiff at auction, and the contract price of $150 per thousand feet.

The defendants, in their answer, admitted that they had received 12,958 feet of lumber from the plaintiff, but insisted that they were entitled to recoupe from the contract price of the quantity delivered such expenses as they had sustained by sending lighters to obtain the balance of the lumber, together with such "other damages" as they had sustained by reason of the non-delivery of the whole quantity of lumber mentioned in the sale note.

The cause was referred by the court; and the referee reported in favor of the plaintiff for the 50,325 feet, at $150 per thousand, after deducting $650,05, being the amount of nett proceeds of that portion which had been sold by the plaintiff at auction.

There was no testimony whatever before the referee to show that the plaintiff ever had at his disposal, either as owner or otherwise, on board of the *Duchess Clarence*, or elsewhere, a quantity of lumber anywhere near 50,325 feet. On the contrary, it was clear that he never had more than 30,607 feet, and it was not claimed on the argument in this court that he had a larger quantity.

Judgment was entered by the court of First Instance, in accordance with the report of the referee, and the defendants appealed.

*John W. Dwinelle,* for the plaintiff.

*Edward Norton,* for the defendants.

*By the Court,* BENNETT, J. The plaintiff sold to the defen-

dants 50,325 feet of lumber, being on board of his ship in the harbor of San Francisco, at the rate of $150 per thousand. The sale note specifies no time or place of delivery. Only a small part of the lumber was delivered, and this suit was brought to recover the price of the whole.

The delivery of the lumber, and the payment of the purchase money are by the contract concurrent acts. Neither party can maintain an action against the other for non-performance, without showing a readiness and willingness to perform on his part. (1 *Chitty Gen. Pr.* 492; *Story on Con.* § 845.) The plaintiff does not prove that he was ready to deliver the quantity of lumber sold; on the contrary, he had, at no time after the sale, the quantity which the contract required him to deliver. Not being ready to perform the contract himself, he cannot complain that the defendants were unable or unwilling to perform on their part. He is, however, entitled to recover the stipulated price for the quantity actually delivered, deducting therefrom the damages sustained by the defendants, by reason of the non-delivery of all the lumber. (*Chitty on Con.* 446, *7th Am. Ed.*; *Banker* v. *Hoyt*, 18 *Pick.* 457.) These damages were incurred by the defendants in sending lighters for the lumber, which they could not obtain, and amount to $110. The damages claimed by them on a re-sale of the lumber, do not legally result from the breach of the contract, and not being specially alleged in the answer, ought not to be allowed. The judgment should be for $1833,70, with costs in the court below, after deducting the costs of this appeal, which the plaintiff should pay.

Ordered accordingly.