Corwin v. Walton.

———‹•◦•›———

Corwin, Respondent, vs. Walton, Appellant.

1. In a civil action of assault and battery, the record of an indictment for the same offence to which the defendant pleaded guilty, is admissible evidence.
2. In a civil action of assault and battery, the plaintiff may recover exemplary damages, notwithstanding the defendant has been convicted and fined, in a criminal prosecution for the same offence.

*Appeal from St. Louis Court of Common Pleas.*

This was a civil action brought by William R. Corwin against Charles D. Walton, to recover damages for an assault and battery. At the trial, the plaintiff gave evidence tending to show an aggravated assault upon him by the defendant, from which he suffered serious injury. The plaintiff also offered in evidence a record of proceedings by indictment against the defendant for the same assault, for the purpose of showing that the defendant had pleaded guilty to one of the counts in the indictment. At the request of the defendant, the sentence and judgment of the court on the indictment were also read, showing that the defendant was fined $500 upon his plea of " guilty." The plaintiff then offered to read in evidence a pardon from the governor of the state, remitting said fine, which was excluded by the court. The court directed the jury that, in

addition to actual damages, they might assess smart money or vindictive damages, if they found the defendant guilty of the assault.

*Todd & Krum,* for appellant, insisted that exemplary damages were only given as a penalty for the wrong supposed to have been done to the public, and as by plaintiff's own showing the state had redressed its own wrong, he could only recover for actual damages. The pardon does not make any difference. The remission of the fine was a forgiveness of the public wrong.

*C. B. Lord,* for respondent. In an action of assault and battery, the plaintiff may recover exemplary damages. Sedgwick on Measure of Damages, 622, and cases there cited; also pp. 38, 39. *Merest* v. *Harvey,* 5 Taunt. 442. *Churchill* v. *Watson,* 5 Day, 140. *Huckle* v. *Money,* 2 Wils. 205. *Woert* v. *Jenkins,* 14 Johns. 351. *Wilkins* v. *Gilmore,* 2 Humphreys, 140. 7 Ala. 349. 4 Dev. & Batt. 246. *Jennings* v. *Maddox,* 8 B. Monroe, 430. *McNamara* v. *King,* 2 Gilman, (Ill.) Rep. 432. *Milburn* v. *Beach & Eddy,* 14 Mo. 104. Greenleaf on Ev. p. 220, §267. 2 Phillips, 189. Starkie, 495, 812. The conviction and fine in the Criminal Court do not prevent the recovery of exemplary damages. *Cook* v. *Ellis,* 6 Hill (N. Y.) Rep. 466, and cases there cited. *Jefferson* v. *Adams,* 4 Harrington (Del.) Rep. 321. If the conviction and fine in the Criminal Court is a bar to the recovery of exemplary damages, it must be because the defendant has already suffered punishment; and the plaintiff offered the pardon in evidence to show that the defendant has suffered nothing.

SCOTT, Judge, delivered the opinion of the court.

1. The plea of guilty having been entered on the record in the case of the State against the present defendant, on an indictment for the same offence, that record was evidence in the present action. 2 Taylor on Evidence, 1115.

Corwin *v.* Walton.

2. When an individual carried on a criminal prosecution and a civil action for the same offence, courts have held him to his election, and would not compel a defendant to discover the matter of his defence and evidence, unless the prosecutor would give up the right which he might otherwise have to make use of this very discovery against the defendant, in his civil action, which would be giving him a most unfair and unreasonable advantage.  *Rex* v. *Fielding*, 2 Burr. 719.   But this interference was only with the criminal prosecution ; the courts did not assume any authority to stay or arrest in any way the private actions of individuals.   *Jones* v. *Clay*, 1 Bos. & Pul. 191. In assessing the punishment, the courts would regard the fact, that the person injured had recovered exemplary damages for the wrong done, and so the jury, who, by statute, have succeeded to the power of courts in assessing the punishment after a conviction, would be influenced in determining the degree of punishment, by the fact that the party wronged had recovered vindictive damages for the same injury.

It would appear, then, that the damages of the party aggrieved in his action for the wrong done him, were not liable to be affected by any thing done in the public prosecution. ( The punishment inflicted may be affected by the verdict in the civil action, but the damages to be recovered in the private suit are wholly uninfluenced by any thing that may have transpired in the prosecution carried on by the state.) This being so, it was not a matter of any consequence from which side the proof of the conviction and fine proceeded.   The plaintiff was entitled to exemplary damages, notwithstanding he produced such evidence himself.   Affirmed, the other judges content.