[No. 7,486.—Department One.]

# FRANCIS VEERKAMP v. THE HULBURD CANNING AND DRYING CO.

CONTRACT FOR SALE OF FRUIT—CONSTRUCTION—PARTIAL DELIVERY—TIME OF PAYMENT.—The defendant agreed to take and pay for all the fruit raised by the plaintiff at a uniform rate per pound for all fruit raised and delivered at the works of the defendant. As the fruit ripened the plaintiff delivered and the defendant received it under the contract; but the latter refused to pay for the fruit until all was delivered; and thereupon the plaintiff declined to deliver any more, and sued for the value of that delivered.

*Held*, that according to the true construction of the contract, as each lot was ·delivered and accepted by the defendant, there became due and payable from it to the plaintiff the value thereof at the rate per pound fixed in the contract.

APPEAL from a judgment for the plaintiff in the Superior Court of El Dorado County.

*George G. Blanchard,* for Appellant.

This contract was entire. The criterion to determine whether a contract is entire or apportionable is found both in its language and subject-matter. (*Moore* v. *Bonnet,* 40 Cal. 251; *Cox* v. *W. P. R. R. Co.,* 44 id. 18; *Butler* v. *Butler,* 33 Amer. R. 648, 705.) Full performance was a condition precedent to any payment. (*Cunningham* v. *Jones,* 20 N. Y. 486.) The fact that the price is calculated by a certain article or measure does not affect the entirety of the contract. (Story on Contracts, § 23; *Gault* v. *Brown,* 48 N. H. 183; 2 Amer. 210.) It is even held that in the case of sundry articles purchased at the same time, though for a separate price for each article, the contract is entire. (Brown on Stat. of Fraud, § 335; *Baldy et al.* v. *Parker,* 2 B. & C. 37; *Elliott* v. *Thomas,* 3 M. & W. 170; *Gilman et al.* v. *Hill,* 36 N. H. 311; *Norris* v. *Harris,* 15 Cal. 226.) If this contract is entire, plaintiff can not recover upon a partial performance of the same, where there has been no default of defendant. (*Galvin* v. *Prentice,* 45 N. Y. 162; *Haskell* v. *McHenry,* 4 Cal. 411.) He can only relieve himself on the ground of a clear refusal of the defendant to receive, or becoming disabled to perform his part of the contract. (*Smoot's Case,*

15 Wallace, U. S., 36.)   It is shown that plaintiff made no ob-
jection to delivering the fruit on the ground; that defendant
was unable to pay for the same; and further, that defendant
demanded of plaintiff that he should continue to deliver the
fruit.   Plaintiff alone was in default and can not recover.
(*Champlin* v. *Rowley*, 18 Wend. 187; *Brown* v. *Weber*, 38 N.
Y. 187; *Hutchinson* v. *Wetmore*, 2 Cal. 310.)

*C. J. Carpenter*, for Respondent.

The contract was separable *ex vi termini*, and by nature of
the subject-matter.

Ross, J.:

The parties to this suit contracted with each other in writ-
ing as follows:  "The said company engage to take and pay
for all the fruit raised by the said Francis Veerkamp at the
uniform rate of five eighths ($\frac{5}{8}$) of a cent per pound for all
fruit raised and delivered at the works of the above company,
in Upper Placerville (excepting Mission grapes), and to fur-
nish boxes for picking and hauling the fruit.   The said Fran-
cis Veerkamp, on his part, engages to deliver the fruit in good
condition, and when in suitable ripeness, and will sell no fruit
to other parties, excepting one load early."

The parties could not very well have made their contract
more indefinite.   The fruit referred to in the written agree-
ment was such as was then growing on land of the plaintiff.
As the fruit ripened, the plaintiff delivered and the defendant
received it under the contract.   After a part had been thus
delivered and accepted, the plaintiff demanded of defendant
payment for that delivered at the agreed rate, but the defend-
ant refused to make such payment until the plaintiff should
first deliver all of the fruit referred to.   Thereupon plaintiff
declined to deliver to defendant any more, and sued for the
value of that delivered and accepted.   The defendant resists
the action on the ground that the delivery of all the fruit re-
ferred to in the contract was a condition precedent to the pay-
ment for any.   We do not think that the proper construction
of the agreement between the parties.   The contract must be
construed with reference to the subject-matter of it.   It was

executory in its nature. It could not be known in advance how much of any particular kind of fruit there would be. In the nature of things it ripened at different times, and had to be delivered at different times. The contract fixed the rate per pound at which the defendant was to pay for it, and, in our opinion, according to its true construction, as each lot was delivered to and accepted by defendant there became due and payable from it to the plaintiff the value thereof at the rate per pound fixed in the contract.

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.