EDWARD TATNALL *v.* HENRY B. COURTNEY.

1. No words, either spoken, written or printed, however insulting or opprobrious, will justify an assault and battery, or an assault even. And in an action for an assault and battery, upon proof of it, the plaintiff is entitled to a verdict for nominal damages at least. But where he proves actual damage done by it, he is entitled to recover as much in value as the proof showed he suffered, whatever the amount may be.

2. When it appears that the attack upon him was wanton or malicious, without provocation, and the wrong inflicted was grievous, the jury may give him damages without reference to actual injury, but by way of punishment and example, which are in the reasonable discretion of the jury, in view of all the facts and circumstances proved. When thus given, they are not mere compensation to the plaintiff for the injury inflicted, but are called punitive, vindictive or exemplary damages, for they are by way of public example or punishment.

3. In estimating such damages the jury may take into account and should consider the circumstances of the time and place of the attack, the mode of making it, the insult to the plaintiff, his suffering of body and mind, and any other fact that enhanced the injury of the plaintiff, and they may consider the pecuniary means of the defendant in awarding them; but in considering the defendant's circumstances as one of the elements of their calculation in such a case, the punishment thus imposed by them, or the example made, should bear some proper relation to the main fact, and not be merely arbitrary.

4. When exemplary damages are claimed, the defendant may prove, in mitigation of them, reasonable provocation, not in justification of the assault, but to negative the allegation of malice, and if the provocation was very great, and so recent as to lead to the presumption that it was committed under the immediate influence of the passion produced by it, the jury will be warranted in regulating the amount of them accordingly; but the jury should be well satisfied that there had not been sufficient time for it to cool.

Tatnall *v.* Courtney.

THIS was an action of trespass for an assault and battery committed upon the plaintiff by the defendant on Market Street, in the city of Wilmington, and, according to the evidence, was commenced by the wife of the defendant by striking at him with a leather strap, who had caught hold of it, and was trying to take it from her, when the defendant took hold of him and held him for a while, telling his wife to lay on and give it to the old rascal, when she struck him several times with the strap over the head and shoulders and in his face, until he broke away from them and ran down the street, and she after him and struck him several times again with it on his back; and that when the plaintiff, soon afterwards, returned to his home one of his eyes was badly hurt and bloodshot, and he had not been able since to read at night without a shade over it.

During the examination of the witnesses for the plaintiff the counsel asked one of them if he knew and could say how much the defendant, Courtney, was worth in point of wealth.

*Spruance*, for the defendant, objected to the question, because such evidence as the counsel designs to introduce by it is not admissible in the case. It has been ruled in this State that such evidence is admissible against the defendant in an action for seduction, but that it is not in an action for slander, and which rulings serve to show what a singular and solitary exception the former is to the general rule of evidence in all other cases against the admissibility of such testimony; but the only sound ground for the distinction and exception seems to be that when the wrong and injury complained of in the case is indictable, as well as actionable in a civil suit (as it is in this case), such evidence should not be, and is not, admissible. 2 Greenl. Ev., § 269; 4 Harr., 520; Robinson *v.* Burton, 5 Harr., 335; 2 Houst., 66; 5 Ind., 322; Adams *v.* Manlove, Cox's N. J. Rep., 80; 6 Conn., 27.

*Lore* for the plaintiff. Under the circumstances already proved the plaintiff is entitled to recover for more than com-

Tatnall v. Courtney.

pensatory damages merely, or, in other words, he is entitled to recover punitive or exemplary damages, or smart money, as it has sometimes been called, as a more adequate retribution to the plaintiff, as well as punishment of the defendant, and at the same time for example's sake, which the law, in its wisdom and justice, considers it proper to make of the brutal offender in such an aggravated assault and battery committed on a peaceable, respectable and venerable citizen of the State, without any provocation whatever, he might almost say, so slight was the nature of it; and when that is the character of the cause of action, and exemplary damages are recoverable for the assault and battery sued for, such evidence is admissible, and if such was the policy and purpose of the law in imposing exemplary damages, why shall they not, upon a like principle, of justice and desert to both of the parties, be graduated according to the pecuniary ability of the defendant in the case to pay them; for that which would make one of moderate means smart, would not be felt by one worth several hundred thousand dollars? Dobson v. Hill, 3 Houst.; 2 Greenl. Ev., §§ 89, 269; Sedgw. on Dam., 454, n. 2; Fry v. Bennett, 4 Duer, 247; 18 Mo., 71; 6 Tex., 266; 1 Cal., 54.

*Whitely* for defendant. Is it not enough for me to say, in reply to what has been said on the other side, that not a case in this country or in England has been cited in which such evidence had been admitted in an action of trespass for assault and battery, and that no such case can be produced? The fact that exemplary damages, as they are generally denominated, may be recovered only in such an action is so exceptional and extraordinary in its character that it constitutes a better reason for excluding than admitting it in such a case.

*The Court* overruled the objection, *Houston*, J., dissenting.

The editor of the *Morning News* was then called and sworn as a witness for the defendant, and stated that the paragraph published in that newspaper on the morning of July 23, 1880,

Tatnall v. Courtney.

and then produced and shown to him, was published on information given to him the evening before by Mr. Tatnall, the plaintiff. It was as follows: "Mr. Edward Tatnall, the employer of Mr. Hayden, who is the hero of the elopement detailed in yesterday's *Daily News*, says that the latter gentleman is a grown man, trustworthy and competent; that the young woman whom he has made his wife is only a step-daughter of Mr. Courtney, and that she will come, of right, into $10,000 when she is of age."

Another witness stated he showed the paragraph in the newspaper, on the morning of its publication, to Mr. Courtney, the defendant, and that he appeared very angry when he read it; and that he saw the assault and battery made by him afterwards upon the plaintiff about six o'clock in the afternoon.

In the argument of the case before the court and jury, *Emmons*, for the plaintiff, cited 2 Greenl. Ev., § 267; Sedw. on Dam., 567.

The Court, *Comegys*, C. J., charged the jury.

GENTLEMEN OF THE JURY—Everything, it seems to me, has been said on the part of the learned counsel for the plaintiff and for the defendant that could be said. The facts are very plain and you only need be instructed in the position of the law upon the subject. You find the only person liable in this case is the defendant, and you are to fix the amount of damages which you are to render against him. It has been said that any question about the disgrace or injury of the assault or battery or anything connected with it requires investigation, and determines what amount plaintiff is entitled to at your hands. Upon the other side, they alleged that the damages ought to be merely nominal —only six cents. The sum claimed is five thousand dollars. I will state to you what the law and record of cases of this court says. I will read to you what I have upon this subject:

1. No words merely, whether spoken or printed or written, however insulting or opprobious they may be, will justify an

assault and battery, or an assault even. Therefore, where an action is brought to recover damages for an assault and battery, the plaintiff is entitled to recover a verdict for a nominal sum, although he has not made proof of any actual injury, the law presuming that he has received some damage.

2. Where the plaintiff proves that he sustains actual damage by the defendant's attack, he is entitled to recover as much in value as his proof showed he suffered, whatever the amount may be.

3. When the plaintiff shows that the attack upon him was wanton or malicious without any provocation and the wrong inflicted was grievous, the jury may give him damages without reference to actual injury but by way of punishment and example. Such damages are in the reasonable discretion of the jury in view of all facts and circumstances proved. When thus given they are not mere compensation to the plaintiff, but are called punitive, vindictive or exemplary, and are by way of public example or punishment.

4. In estimating these damages, the jury may take into account, and should consider the circumstances of time and place of the attack, the mode of making it, the insult to the plaintiff, his suffering of body and mind, and any other fact that enhanced the injury of the plaintiff, and they may consider the pecuniary means of the defendant in awarding them.

5. That while the jury in a case of malicious assault and battery may give exemplary damages and fix them by considering the defendant's circumstances, as one of the elements of their calculation, yet the punishment thus inflicted by them or the example made should bear some proper relation to the main fact, and not be merely arbitrary.

6. In actions of assault and battery, when exemplary damages are claimed, the defendant may in mitigation of them exhibit to the jury any relevant facts showing reasonable provocation. This is not in justification of the assault, but to negative the allegation of malice, and if the provocation be very great, and was so recent as to lead to the presumption that it was committed under the immediate influence of the passion thus wrong-

fully excited, the jury will be warranted in regulating the amount accordingly, but the jury should be well satisfied that the assault was the offspring of such passion and that there was no time for it to cool down. Abb. Trial Ex., 650.

7. In the case now on trial the jury are warranted by the testimony, if they credit it, in giving exemplary or punitive damages against the defendant, unless they find that the newspaper article in evidence was calculated to excite and did excite violent passion in the defendant, and that under its immediate influence he committed the assault. But if, on the contrary, they should either find that the article was not calculated to have any such effect, or if it were so calculated, yet the blood of the defendant had sufficient time to cool, and that at the time of the attack he was acting under the influence, not of impulsive, uncontrollable passion, but of revenge, then his act was malicious, and is punishable with a verdict of exemplary damages, and the publication is no palliation and no mitigating circumstance in the award of damages.

The plaintiff had a verdict for one thousand dollars.