ANDREW MORTON *vs.* LLOYD B. CLARK & another.

Suffolk.    November 22, 1901. — April 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Evidence*, Extrinsic affecting writings.    *Contract*, Construction.

A memorandum of a contract for the sale of merchandise, to be delivered from time to time, stated the quantities and prices of the different kinds of goods and the times for delivery but was silent as to the times of payment. The plaintiff, instead of declaring on an oral contract of which this was a memorandum, declared on the memorandum as a contract in writing. Evidence was admitted of conversations between the parties before and after the time of the writing, tending to show an agreement and understanding of the parties, that the buyer should have a credit of sixty days. *Held*, that this evidence should have been excluded as enlarging or varying the contract declared on, which, naming no times of payment, by implication required payment to be made on delivery of each shipment of the goods.

CONTRACT for alleged breach of a contract in writing by which the defendants agreed to ship to the plaintiff about forty thousand sides of leather, the entire product of the defendants' tannery, in weekly shipments for ten successive weeks, at cer-

tain prices named for the different kinds, the quantity of each kind being stated, and the writing being signed by the defendants.   Writ dated January 23, 1895.

At the trial in the Superior Court before *Lawton*, J., without a jury, the judge found for the plaintiff in the sum of $5,000 ; and the defendants alleged exceptions.

*H. M. Rogers*, for the defendants.

*R. M. Morse*, for the plaintiff.

KNOWLTON, J.   This action is brought to recover damages for the breach of an executory contract for the sale of merchandise, of which a memorandum in writing was signed by the defendants.   The plaintiff declared on the memorandum as a contract in writing, and not on an oral contract of which the writing is a memorandum.   He is bound by his declaration, and he cannot object to treatment of the memorandum as a contract in writing.   The defendants stood on their rights under the pleadings, and requested the ruling, " that the plaintiff cannot maintain the action on the pleadings."   The writing gives the quantities and prices of the different kinds of goods, and prescribes generally the times for the delivery of them as they are ready for shipment, but it is silent in regard to the times for payment.   In the absence of evidence to aid in the interpretation of the contract its true construction would require payments to be made from time to time, on delivery of the goods by the different shipments.   *Fessenden* v. *Mussey*, 11 Cush. 127.   *Stephenson* v. *Cady*, 117 Mass. 6.   It makes no provision for any credit; but in the construction of such a writing we may always hear oral testimony in regard to the facts and the subject to which it relates.   In this case the plaintiff sought to show that the writing was made as part of a long course of dealings between the parties, in which it was well understood that payments were to be made by drafts on sixty days' time.   Such evidence, if there were proper pleadings to warrant the introduction of it, would be competent for the purpose of showing that the true meaning of the writing, as applied to the facts and the relation of the parties, would call for payment by the acceptance of such drafts, instead of payments in cash on delivery of the goods. *Tibbetts* v. *Sumner*, 19 Pick. 166.   Whether the evidence received was within the rule, we are unable to determine from the

bill of exceptions. Although the drafts put in evidence are referred to as exhibits, no copy of them has been furnished us and we do not know how long a period they covered. The plaintiff testified that he had done business with the defendants perhaps eight or ten months before making this contract. The judge in his findings says: " The parties had dealt with each other for two years before." It does not plainly appear in the bill of exceptions whether this contract is a part of a general course of dealing, such that the previous terms of payment should apply to it. The plaintiff testified, and all agreed, that the previous dealings were on a very much smaller scale. They may have been independent transactions, each upon its own terms, and so of little or no significance on the question before the court; but they were all sales of goods for which the˙ terms of payment had been uniform. The writing called for payments on delivery of the goods, or for payments by accepted drafts on sixty days' time, according to the effect to be given to the evidence of previous dealings, in reference to the probable understanding of the parties in making this contract.

This evidence was received *de bene*, although the declaration set out a contract which by implication required payments to be made on delivery. Evidence of conversation between the parties before and at the time of the sale and before and after the memorandum was signed was also admitted, which conversation tended to show the agreement and understanding of the parties as to the terms of payment. All this was excepted to. There is nothing in the bill of exceptions to show that it was afterwards stricken out or disregarded, and we infer that the judge considered it in making his findings. Treating the writing as the contract, it was not competent to enlarge or vary it by testimony of conversation between the parties in making their contract, if the conversation would tend to show an oral agreement not included in the writing, or to show by express statement the understanding of the parties as to the terms of sale in reference to the time of payment. The judge has found that there was no express contract or agreement between the parties as to the mode or time of payment, but he declined to rule that the contract imposed " on the plaintiff an obligation to pay on delivery and by instalments, as delivered or shipped." Precisely

what he held to be the legal effect of the contract in this particular, does not appear. He must have held either that it was a contract requiring payments by accepted drafts on sixty days' time, or a contract requiring such payments with a privilege to the defendants to make some of the drafts on ten days' time. In so holding, the testimony excepted to that there was conversation between the parties before and after the memorandum was signed, in which they recognized that to be the meaning of their contract, was doubtless considered, and it would have a tendency to affect the finding. Without this testimony the judge might not have found that there was enough to control the apparent meaning of the writing that the payments were to be made on delivery of the goods. This testimony of what the parties said as to the time of payment before and after making the writing, was incompetent and the exceptions must be sustained. This is without reference to the question of variance arising from a declaration, the legal effect of which is to state a contract calling for payment on delivery, when the judge, upon the evidence, found that the contract did not require such payments.

The finding as to the construction of the contract had an important bearing upon the decision of the case. If the contract was for payments on delivery, the judge might have found a refusal of the plaintiff to pay unless he could have a credit of sixty days, which justified the defendants in refusing to continue their shipments. *Stephenson* v. *Cady*, 117 Mass. 6, 9, 10. *Winchester* v. *Newton*, 2 Allen, 492. *Star Glass Co.* v. *Morey*, 108 Mass. 570, 574. The decision may have been induced by the consideration of incompetent evidence.

If the declaration had been upon an oral contract which permitted payment by draft on sixty days' time, and had treated the writing as a mere memorandum not intended as a formal contract, and had relied on the delivery and acceptance of a part of the property, different questions would have arisen which we need not now consider and upon which we intimate no opinion.

We do not think that the judge was bound to rule as requested by the defendant that everything of a date subsequent to September 17 was inadmissible.

*Exceptions sustained.*