ANDREW MORTON *vs.* LLOYD B. CLARK & another.

Suffolk.   November 18, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Contract*, What constitutes, Construction.   *Words*, " Occasionally."

In an action for non-delivery of goods, under an oral contract of sale definite in all its terms except as to the time of payment, the fact that there was a subsequent misunderstanding and disagreement between the parties as to the terms of payment does not prevent the trial judge from finding what the parties ought to have understood the contract to be from the memorandum of the contract and their conversation, taken in connection with their previous dealings.

In an action for non-delivery of goods, under an oral contract of sale definite in all its terms except as to the time of payment, there was evidence that the payments were to be made upon drafts by the defendant on the plaintiff on sixty days' time, with occasionally one on ten days' time.   The trial judge found this to be the fact, and that the term " occasionally " meant when the defendant was compelled to draw on short time by a reasonable regard for the exigencies of the business.   *Held*, that the finding was justified, and that the explanation of the word " occasionally " was in accordance with its natural meaning when taken in connection with the facts and circumstances referred to when it was used by the parties.

CONTRACT, the amended declaration alleging a breach of an oral contract to sell and deliver to the plaintiff forty thousand sides of leather.   Writ dated January 23, 1895.

The declaration before amendment was upon the memorandum as a contract in writing.   After a finding for the plaintiff, the defendants' exceptions were sustained in a decision reported in 181 Mass. 134.   After amendment of the declaration, and a demurrer and answer to the amended declaration by the defendants, there was a new trial in the Superior Court before *Gaskill*, J., without a jury.   The judge found for the plaintiff and assessed damages in the sum of $6,612.57.   He made the following memorandum of findings: " I find that the contract as to payment was on sixty day drafts except ' occasionally when the defendants were compelled to on ten days' drafts.'   I find that it was not reasonable for the defendants to draw the last draft or any succeeding ones on ten days and that the defendants were not reasonably compelled so to do and had no justification for refusal to ship."

The defendants alleged exceptions, raising the questions stated by the court.

*G. W. Morse & J. H. Hickey,* for the defendants.

*R. M. Morse,* for the plaintiff.

KNOWLTON, C. J. This is an action to recover damages for a breach of an oral contract for the sale of goods. The case came before this court after the first trial, and was reported in 181 Mass. 134. Most of the questions now before us were raised by the defendants' requests for rulings, and relate chiefly to the findings required by the evidence, which are essentially matters of fact. The defendants' demurrer to the amended declaration has not been argued, and we need not consider it.

The defendants contend that the judge should have found, either that no contract was made, or that, if a contract was made, it was upon a ten days' or cash basis. On this subject the evidence was somewhat conflicting. There is no doubt that a contract was made, all the terms of which were sufficiently clear and were not in dispute, except the provision as to the time of payment. There was evidence in the previous course of dealing between the parties, and in the testimony of Mortimer, the plaintiff's agent, and in the correspondence, which tended to show that the payments were to be made by the acceptance and payment of drafts drawn by the defendants upon the plaintiff on sixty days' time, with occasionally one on ten days' time. This was in accordance with the averments of the amended declaration. It was a part of the course of dealing that, when drafts were made on time, interest was added to the face of the bill up to the day when the draft was payable, so that the amount received from his banker by the vendor would be the same on a draft for a long time as upon a draft for a short time, the only difference to the parties between the two modes of payment being in the amount of capital or discounts or credit for which they would have to provide. The fact that there was a subsequent misunderstanding and disagreement between the parties in regard to the terms of payment does not prevent a finding of what they ought to have understood from their memorandum and conversation, taken in connection with their previous dealings.*

* See *Higgins* v. *Shepard*, 182 Mass. 364.

There is no material variance between the findings of the judge and the amended declaration. He found that the contract as to payment was "on sixty day drafts except 'occasionally . . . on ten days' drafts.'" His finding by way of explanation of the term "occasionally", that it was "when the defendants were compelled to" draw on short time by a reasonable regard for the exigencies of the business, is simply giving the term its natural meaning when it is taken in connection with the facts and circumstances existing and referred to on the occasion when it was used by the parties. See *Black* v. *Bachelder*, 120 Mass. 171. After this finding as to the contract, the finding that there was a breach of it necessarily followed.

It is not necessary to consider other questions raised at the trial.

*Exceptions overruled.*