PEOPLE, *for Use of* THE C. H. LITTLE CO., *v.* GRANT.

1. SALES—CREDIT—SEVERAL ITEMS—WHEN TIME BEGINS TO RUN.
   Where goods are supplied to a contractor from time to time, as
   required on a contract to furnish on 30 days' time the material
   necessary to complete several contracts, the 30 days begin to
   run, not from the date of the last-item, but from the date of
   each invoice.

2. PRINCIPAL AND SURETY — DISCHARGE OF SURETY — EXTENSION
   OF TIME.
   The acceptance from a principal of a promissory note for an
   existing account, payable at a time beyond which the account
   would be payable, is an extension of the time of payment
   which discharges the sureties on the account debt.

Error to Wayne; Frazer, J. Submitted October 6, 1904. (Docket No. 22.) Decided October 18, 1904.

Assumpsit by the people of the State of Michigan, for the use and benefit of the C. H. Little Company, against James Grant, principal, and John Archer and Julius Porath, sureties, upon a statutory bond. There was judgment for plaintiff for less than the amount claimed, and plaintiff brings error. Affirmed.

*Willard E. Warner*, for appellant.

*John E. Moloney*, for appellees.

HOOKER, J. James Grant was principal, and the other defendants sureties, upon two statutory bonds given to secure payment for labor and materials upon public sewer contracts made by the former. The defendant Grant had a running account with the plaintiff for materials. Goods were sold to him upon 30 days' credit, and the items were numerous. Payments were also made from time to time. A monthly balance was made, and monthly statements of

account were furnished by the plaintiff to Grant.  No interest charge was included in them.

On February 1, 1902, a balance was due of_____ $3,031 42
Items were furnished in February_____  211 60
                                                     ————
    Making a total March 1st of_____ $3,243 02

On February 7th defendant Grant gave to plaintiff his promissory note for $1,500, with interest at 6 per cent., due in one month, without the knowledge of the sureties. This was negotiated, and, being applied to the account,

Reduced the balance March 1st to_____ $1,743 02
March items_____   88 74
                                                     ————
                                                     $1,831 76
Less cash in March_____   72 74
                                                     ————
Leaving balance April 1st_____ $1,759 02
Items in April_____   90 97
                                                     ————
                                                     $1,849 99
Less cash in April_____  210 17
                                                     ————
Balance May 1st_____ $1,639 82

Upon the maturity of the note of February 7th, Grant paid the interest, and gave plaintiff a second note in renewal, payable 30 days after date; and upon April 6th he paid the interest, and again renewed the note.  When the note of February 7th was taken, plaintiff made an entry upon its cashbook as follows: "James Grant on acct. $1,500." The amount was credited to Grant's account on the ledger, deducted from monthly balance, and never charged back to the open account.  It was debited to "Bills receivable," to offset the credit entry.  Grant had several contracts with the city of Detroit at this time, materials for which he purchased from the plaintiff.  An action was brought on these bonds, which resulted in a directed verdict against Grant for $1,593.77, without costs, and against all defendants for $682.99, with costs.  The plaintiff brings error.

The contest arises over the item of $1,500 and interest, for which the court held that the sureties were not liable; the judge being of the opinion that they had been discharged from their obligâtion by the acceptance of plaintiff's notes mentioned. It is contended, *first*, that these notes did not extend the time beyond the period of credit given defendant Grant, and therefore that the sureties are not discharged; *second*, that there was no consideration for an extension of time, as there was no agreement by Grant not to pay before the maturity of the note, nor by plaintiff not to sue the original claim.

We think these positions untenable. Defendants say in regard to the former that these goods were bought on 30 days' time, and that the 30 days did not begin to run until the last item of the account was purchased. We think this is not so. The arrangement was to sell materials for various jobs on 30 days' time. That meant 30 days' time from date of invoice. If we may not take judicial notice of so uniform a usage of trade, it is the only reasonable construction to place on the language, in view of the circumstances.

As to the latter contention, the case differs from one where there is a mere agreement to forbear suit for a given time, to give the debtor an opportunity to pay, as in the recent case of *Ferris* v. *Johnson*, 136 Mich. 227. Here the debtor gave his promissory note, whereby he promised to pay at a given time a debt that he had previously incurred. Under ordinary rules, he had no right to pay it before it was due, if it was a note based upon a consideration, and of that there is no doubt. An existing debt is a good consideration for a promise to pay, and it would be a surprise to business circles, were we to hold that a note given for an existing debt, whether due or not, was not based on an adequate consideration; and it would be equally a surprise were we to hold that, notwithstanding the note, the debtor might pay, or the creditor enforce payment, at any time. The inference to be drawn from the circumstances is that Grant was largely

in debt on February 7th to the plaintiff. It was not convenient for him to pay money, and he was asked to give bankable paper, which he did, and it was negotiated. There can be no doubt that both parties expected and understood that the amount represented by that note should not be paid or collected sooner than the time fixed in the note, and contracted to that end, as the terms of the note itself implied. We are aware that there is a want of harmony in the authorities upon this point, but we think the weight of authority sustains our conclusion. It is probable that the amount for which the note was given was due on February 7th, but, if not due at that time, as plaintiff's counsel argue, an additional consideration for the extension was the promise to pay interest before the expiration of 30 days. The case is fairly within the rule of *Smith* v. *Shelden*, 35 Mich. 46, and *Sweet* v. *Newberry*, 92 Mich. 521. See *Shayler* v. *Giddins*, 122 Mich. 660, and *Ferris* v. *Johnson*, 136 Mich. 227.

We find no error, and the judgment is affirmed.

The other Justices concurred.