[Civ. No. 3219.    Second Appellate District, Division Two.—July 29, 1920.]

UNITED CANNERIES COMPANY OF CALIFORNIA (a Corporation), Appellant, v. O. L. SEELYE, Respondent.

[1] Contracts—Sale of Fruit—Time of Payment.—Where a contract for the sale of fruit is silent on the matter of payment, the time of payment is, as a matter of law, fixed as at the time of delivery.

[2] Id.—Refusal to Pay upon Delivery — Rescission. — Where the buyer of fruit is legally bound to pay for the same at the time of delivery, the refusal on its part to pay therefor as delivered

constitutes the "fault" referred to in subdivision 2 of section 1689 of the Civil Code which furnishes the basis for rescission.

[3] ID.—BREACH BY BUYER—RESCISSION — NONPAYMENT FOR FRUIT—ACTION BY GROWER.—The action of the buyer in refusing to pay for the fruit as delivered constitutes such a breach of the contract as entitles the grower to treat the same as rescinded; and by so doing the latter may bring suit, on the implied promise to pay, for the value of the fruit so delivered to and not paid for by the buyer.

[4] ID.—RIGHT TO PAYMENT ON DELIVERY—WAIVER DURING PREVIOUS YEARS—EFFECT OF.—The fact that during the two years previous, by sufferance of the grower, the fruit was delivered under the contract without pay "when each load was delivered" or "at the end of each day's delivery," did not affect the grower's right to demand payment at that time where, under the contract, he was entitled to his pay upon delivery.

[5] ID.—NONDELIVERY BY GROWER—LOSS TO BUYER—CAUSE OF.—Conceding that the buyer of the fruit suffered a loss by reason of the refusal of the grower to make further deliveries, such loss was not occasioned by any act or omission of the grower, where such refusal to make further deliveries was because of the refusal of the buyer to pay for the fruit as delivered, in accordance with the terms of its contract.

[6] ID.—ACTION FOR DAMAGES — JUDGMENT-ROLL IN PRIOR ACTION — ERRONEOUS ADMISSION OF—WANT OF PREJUDICE.—In an action to recover damages for an alleged breach of a contract to deliver fruit, if the plaintiff's loss was occasioned by its own wrongful act in refusing to pay for the fruit as delivered and by reason of such act the defendant was justified in refusing to make further deliveries, the error, if any, of the trial court in admitting in evidence, over plaintiff's objection, the judgment-roll in an action brought the preceding year by defendant against plaintiff for fruit delivered during that year under the same contract, is without prejudice.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry Goodcell for Appellant.

E. H. Jolliffe and Archie D. Mitchell for Respondent.

THOMAS, J.—This is an action to recover damages for an alleged breach of contract to deliver fruit. The case was tried without a jury, findings and judgment went for defendant, and plaintiff appeals.

The action was originally commenced by the Southern California Canning Company, for which corporation plaintiff here was, by proper order, substituted, the former's rights having passed to the latter. The present plaintiff had nothing whatever to do with the making of the contract in question, or with any of the acts or transactions here involved. For convenience, therefore, the designation "plaintiff," as here used, will refer to the original plaintiff in the action.

From the record it appears that in the spring of 1914 plaintiff and this defendant entered into a contract whereby the former agreed to purchase, and the latter agreed to sell, defendant's yearly crop of peaches for a period of five years —1914 to 1918, both years inclusive. The contract says nothing as to the time when payment should be made. Defendant delivered the crops of 1914 and 1915 under this agreement. The fruit delivered in 1914 was paid for; but for that delivered during the year 1915, defendant received nothing. Plaintiff claims that there was some disagreement as to the amount due defendant under the contract for fruit delivered during that year. At the close of the season plaintiff tendered to defendant a given sum, which it claimed to be the full amount due for the 1915 crop, but defendant refused to accept the same, claiming, on the other hand, that a much larger amount was due. Thereafter defendant instituted an action against this plaintiff upon the contract in question for the sum claimed by the former to be due, upon the trial whereof defendant here recovered a judgment for practically the full amount claimed. Having had this experience, and notwithstanding the same, it appears that defendant respected his agreement, and proceeded to act thereunder for the year 1916. At the time of the delivery to the plaintiff of the first load of fruit for that year, defendant also delivered to plaintiff a letter, which in words and figures is as follows:

"July 25, 1916.

"The Southern California Canning Company,
    "W. H. Braun, A. C. Harvey,
        "Ontario, California.

"Gentlemen:

"Delivery is herewith offered you of the fruit covered by that certain contract entered into between you and the undersigned on the 30th day of April, 1914. You are

hereby notified that demand is herewith made for payment for said fruit at the price mentioned in said contract. Payment is hereby demanded for the fruit delivered and for each load as it shall be delivered at your cannery as per said contract. Full payment for each load will be expected as it is delivered.                    Yours truly,

"O. L. SEELYE."

The buyer of the fruit, after receiving this letter, paid for the fruit, at the close of each day's delivery, until the twenty-eighth day of July, 1916, upon which date it refused to pay as delivered. Thereupon this defendant, as was his legal right so to do, refused to make further deliveries, and the present action ensued.

Before the execution of the contract referred to, it contained a clause reading as follows: "Payments in settlement of this contract to be made one-third in thirty days, one-third in sixty days, one-third in ninety days, after completion of deliveries." This clause was stricken from the contract for the reason that defendant told plaintiff's representatives that he would not sign any contract of that nature—that he would have to have his money in order to carry on his business—to which suggestion plaintiff, through its agent, Mr. Harvey, answered: "You can have your money any time you want it, as the fruit is delivered. We have got lots of money to pay with, and you don't have to wait for your money." [1] The contract being thus silent on the matter of payment, regardless of the evidence referred to, the time of payment is, as a matter of law, fixed as at the time of delivery (Civ. Code, sec. 1657; *Cole* v. *Swanston*, 1 Cal. 51, [52 Am. Dec. 288]; *Veerkamp* v. *Hulburd etc. Co.*, 58 Cal. 229, [41 Am. Dec. 265]; *J. K. Armsby Co.* v. *Blum*, 137 Cal. 552, [70 Pac. 669]; *Gilfallan* v. *Gilfallan*, 168 Cal. 23, [Ann. Cas. 1915D, 784, 141 Pac. 623]); and with such evidence explaining, not modifying, the contract, there can be no doubt with reference thereto. Confronted with this fact, we do not think the letter of July 25, 1916, adds to or detracts from the contract under consideration; it certainly is not a modification or variation thereof in any way. Under these circumstances we think the buyer of the fruit was legally bound to pay for the same at the time of delivery, in the absence of an agreement to the contrary.

[2] The refusal on the part of plaintiff to pay for the fruit as delivered, we think, constitutes the "fault" referred to in subdivision 2 of section 1689 of the Civil Code, which furnishes the basis of rescission (*Lake Shore etc. Co.* v. *Richards,* 30 L. R. A. 33, and cases there cited in an elaborate note on the "Right to rescind or abandon contract because of other party's default") that was promptly taken advantage of, as provided by the terms of section 1691 of the Civil Code by this defendant. Indeed, in our opinion the existence of this fact alone is sufficient to support the judgment before us.

[3] On the other hand, if we hold that the court erred in finding that the contract was rescinded, the facts in this case, as shown by the evidence, disclose such a breach of the contract as entitled defendant to treat the same as rescinded; and by so doing defendant might have brought suit, on the implied promise to pay, for the value of the peaches so delivered to and not paid for by plaintiff. (*Cox* v. *McLaughlin,* 54 Cal. 605; Id., 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Porter* v. *Arrowhead Co.,* 100 Cal. 500, [35 Pac. 146]; *Golden Gate L. Co.* v. *Sahrbacker,* 105 Cal. 114, [38 Pac. 635]; *San Francisco Bridge Co.* v. *Dumbarton Co.,* 119 Cal. 272, [51 Pac. 335].) In legal contemplation this is what the defendant here has sought to do by his counterclaim for the value of peaches so delivered, which position the court found to be supported by the evidence. Was the defendant entitled to his pay for the peaches so delivered under the contract? He was. There is no doubt about it. Hence, regardless of whether the court erred in finding that the contract was rescinded, plaintiff's conduct was such that it could not assert its alleged rights under the contract in question, while the defendant was legally justified in acting as he did.

[4] The fact that the fruit was delivered without pay "when each load was delivered," or "at the end of each day's delivery," during the years 1914 and 1915, is immaterial. This was not by virtue of any provision in the contract, but by sufferance of the defendant; for, as we have seen, under the contract he was entitled to his pay upon delivery. With the experience of the former year, and notwithstanding the contract and the fact that a controversy had arisen during the pendency of which, among other

things, there was an attack upon the person of defendant by one of the executive officers of the plaintiff corporation, it would have been strange indeed, not to say imprudent, had defendant acted otherwise than as he did. His action is worthy of universal imitation. It needs no argument, certainly, to convince one that the plaintiff cannot stand on the contract and at the same time repudiate a portion thereof. Having violated the portion which implies payment for goods delivered, as above set forth, it had no standing in the trial court. ·Notwithstanding this fact, this defendant, under date of August 2, 1916, wrote, and on August 3, 1916, mailed by registered mail, addressed to plaintiff, a letter, which, omitting the formal parts, is in words and figures as follows: "You are hereby notified that the · undersigned will continue to deliver the fruit from his ranch to you only while you pay for the same in accordance with the procedure outlined in my letter of the 25th ult., and the practice adopted by you in this regard immediately after delivery of the first and second day's delivery, to wit: payment for all fruit delivered each day, upon delivery of the last load each day. As a matter of business you know that we cannot harvest and deliver the crop without money, and as yet we have received nothing for our last year's crop. Business prudence prompts our action in this matter." This, we think, was but an offer to revive the rescinded contract, if it be so regarded. It was never accepted.

[5] Having arrived at the foregoing conclusion, it is immaterial whether plaintiff was damaged in any sum, or at all. It certainly cannot be permitted to profit by its own shortcomings. It came short of its own legal obligation when it refused to abide by the terms of its own agreement. Equity follows the law, and hence is deaf to such a claim as plaintiff attempts to assert here. The record justifies us in holding that, as a matter of law, conceding a loss to have been suffered by plaintiff, it was not occasioned by any act or omission of this defendant. · Notwithstanding the abandonment of the contract by plaintiff, defendant's letter of August 2, 1916, made it possible for plaintiff to avoid any loss if it had availed itself of the offer therein made. It cannot now be heard to complain.

[6] The next point urged is that the court committed certain errors of law, which, for our present purpose, may

be considered together under one designation, i. e., the reception in evidence, over plaintiff's objection, of the judgment-roll in an action brought the preceding year by this defendant against the plaintiff here for payment for the fruit delivered during that year under this same contract. Under the circumstances of the case at bar, we think the question raised immaterial. Even if such ruling be conceded to be erroneous, it is without prejudice, as must now be obvious.

It is also urged by appellant that the issues as framed do not present a case of rescission. In other words, it is claimed that rescission is not pleaded, and hence not in issue here. From what we have said, however, and in view of the conclusion reached, we do not think this point need be considered.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.