# · Hartsell & Son *v.* Masterson.

### *Action on Common Counts for Work and Labor.*

#### (Decided February 13, 1902.)

1. *Custom, evidence of; express contracts.*—Where plaintiff testified that defendant employed him by the year, and defendant testified that he employed plaintiff for an indefinite time at so much per month, evidence was not admissible as to defendants' custom to employ their clerks by the year; the contract being an express one.

2. *Action on common counts; set off; evidence as to amount claimed by defendants in former suit.*—In an action for money due for work and labor done, where defendants filed a plea of set-off, it was not error to allow evidence showing amount claimed by them in a suit against the plaintiff, or to receive in evidence the account furnished by them to plaintiff, as defendant in that suit.

3. *Same; set-off; pleading in former suit between parties.*—Where, to an action for money due on account for work and labor done, defendant pleaded set-off and showed a suit thereon against plaintiff in a justice's court, plaintiff's plea as defendant to the suit was not admissible for him in the action on the account.

4. *Account; action on; pleading.*—A complaint which claims so much money of defendant "due by account between plaintiff and defendant" on a certain day, is to be taken as upon an open account, and is not objectionable for failure to show the kind of account, or for what matters or things the account is claimed to be due.

5. *Same; wrongful discharge; action on contract; pleading.*—A count which shows an employment of plaintiff by defendants for a year at a certain compensation for the year, and a wrongful discharge of plaintiff before the termination of the year, and readiness and willingness on plaintiff's part, and an offer by him, to perform and discharge his duties under said contract, should further show that the amount claimed in the count is for that part of the services which plaintiff was prevented from performing by his wrongful discharge.

6. *Interest, from what time recoverable.*—In an action to recover a certain sum, alleging an employment of plaintiff by defend-

[Hartsell & Son v. Masterson.]

ant for a year at a certain compensation for the year, and a wrongful discharge of plaintiff before the end of the year, interest is recoverable only from the last day of the year.

7. *Action to recover for wrongful discharge; recovery for time between time of discharge and expiration of contract of employment; charge.*—Where, in an action to recover a certain sum for the wrongful discharge of plaintiff from defendants' employment, there is no evidence that plaintiff received anything for his services from the time of his discharge to the expiration of the alleged term of his contract with defendants, a charge is not objectionable which instructs the jury, that if they believe from the evidence "that plaintiff and defendants made a contract whereby plaintiff was to work for defendants for the year 1897 at the price of four hundred and fifty dollars, and that plaintiff entered on the performance of the contract, and without just excuse or provocation the defendants discharged plaintiff, before the expiration of the term expired, and plaintiff tried to get work in the community of a similar kind to that he was employed by defendants to do and failed, then the plaintiff is entitled to recover whatever difference there was between the amount paid to plaintiff or he was chargeable with and the four hundred and fifty dollars agreed to be paid."

8. *Same; charge as to right to discharge employe; terms of contract.*—Where plaintiff testified to a contract of employment from January 4th to December 31st, and according to defendant's theory the contract was by the month, defendant is not entitled to a charge that "Unless the contract was for the entire year the defendants had the right to discharge the plaintiff at any time during the year without any fault on his part."

APPEAL from Morgan Circuit Court.

Tried before Hon. H. C. SPEAKE.

This was an action brought by the appellee against the appellant. The complaint contained three counts, which were as follows: "1. The plaintiff claims of the defendants two hundred and twenty-five dollars for work and labor done for defendants at his instance and request between January 1st, 1897, and December 31st, 1897, which sum of money with interest is due and unpaid." "2. The plaintiff claims of the defendants two hundred and twenty-five dollars due by account between plaintiff and defendant on or about the 1st day of Aug-

ust, 1897, with interest thereon." "3. Plaintiff claims of the defendants the sum of two hundred and twenty-five dollars with interest thereon for that, whereas, on or about the 4th day of January, 1897, the defendant had a contract with the plaintiff, by which plaintiff was employed by defendant as a clerk in defendants' store in the town of Hartsell, Alabama, at the agreed price of four hundred and fifty dollars per year, or for the year 1897. That plaintiff performed the duties of clerk up to about July 6, 1897, under said contract with defendants, when, without fault or provocation on the part of plaintiff, the defendants discharged plaintiff from their employ. From said date of discharge on, to-wit, July 6th, 1897, plaintiff was ready and willing to perform and discharge his duties under said contract, and offered to do so. But defendants refused to allow plaintiff to do so. Wherefore this suit."

Defendants demurred to the first count, upon the ground that it was vague and uncertain in its terms as to the time when the work and labor were done. To the second count the defendants demurred upon the following ground: "Because said second count fails to show the kind of account, or for what matters or things such account is made or claimed to be due." To the third count the defendants demurred upon the following ground: "1st. Because said third count is vague and uncertain in its averments." These demurrers were overruled, and thereupon the defendants filed the pleas of the general issue and of payment, and by special plea sought to set off a demand from the plaintiff to the defendants. The trial was had upon issue joined upon these pleas.

The evidence for the plaintiff tended to show that on January 4th, 1897, he entered into a contract with the defendants Hartsell & Son to clerk for them in their store for the remainder of the year 1897 at a stipulated price of $450 for the year, and entered upon his duties as such clerk; that he was paid up to the time of his discharge the proportionate amount of the salary due him; and that the books of the defendants show that he had been credited by services rendered equal to such proportionate amount up to July 6, 1897; that on July 6,

1897, the plaintiff was discharged by the appellants against his protest and without any reason being assigned therefor. The plaintiff as a witness in his own behalf testified that he faithfully discharged the duties imposed upon him as clerk and did all things which he was told to do by the defendants while in their employ; that after his discharge he sought employment of like kind in the town where the defendants' business was located, but was unable to find such employment. The plaintiff further testified that during the year 1899 the defendants sued him in a justice of the peace court of Morgan county for an alleged balance due them from plaintiff upon an account which was the account offered as a set-off in this action. The plaintiff as a witness was then asked to identify the papers appertaining and belonging to said suit against him in the justice of the peace court by the defendants, it having been shown that the justice of the peace was dead. The defendants objected to this proof, on the ground that it was immaterial and irrelevant, and excepted to the court's overruling the objection. Upon the plaintiff identifying said papers the plaintiff offered in evidence the summons and complaint in said suit brought by the defendants in the justice of the peace court against plaintiffs. The defendants objected to the introduction of said summons and complaint, the court overruled their objection, stating that these papers were admitted for the purpose of showing how much defendants claimed of plaintiff. The defendants duly excepted to this ruling. The plaintiff then offered in evidence the pleas filed by him in said cause in the justice of the peace court. The defendants objected to the introduction of these pleas, and duly excepted to the court's overruling the objection. The plaintiff then offered in evidence an itemized statement of the account which had been furnished him by the defendants upon his demand before the trial of said cause in the justice of the peace court. The defendants objected to the introduction of this account, on the ground that the same was immaterial and irrelevant. The bill of exceptions recites that the court permitted said account to go to the jury, not as evidence of the correctness of

items charged, and credits, but simply as a memorandum in connection with witness' testimony and as evidence of the amount claimed against the plaintiff by the defendants. To this ruling the defendants duly excepted.

The evidence for the defendants tended to show that at the time of the employment of the plaintiff, he was employed for an indefinite period by the month at the rate of $35 per month, and that he was discharged for inefficiency and inattention to his duties.

During the cross-examination of one of the witnesses for the defendants and after he had testified that he was a clerk for the defendants, said witness was asked by the plaintiff "If it was not the custom of J. C. Hartsell & Son to employ their clerks by the year, and not by the month." The defendants objected to this question, because it was immaterial and irrelevant, and because the contract could not be established or shown by custom. The court overruled the objection, permitted the question to be asked, and to this ruling the defendants duly excepted. The witness answered that this was the custom of the defendants during the year 1897.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charge: (1.) "I charge you, gentlemen of the jury, that if you believe from the evidence that plaintiff and defendants made a contract whereby plaintiff was to work for defendants for the year 1897 at the price of four hundred and fifty dollars ($450), and that plaintiff entered on the performance of the contract, and without just cause or provocation, the defendants discharged plaintiff, before the expiration of the term expired, and plaintiff tried to get work in the community of Hartsell of a similar kind to that he was employed by defendants to do and failed, then the plaintiff is entitled to recover whatever difference there was between the amount paid to plaintiff or he was chargeable with, and the four hundred and fifty dollars agreed to be paid." The defendants duly excepted to the giving of this charge, and also duly excepted to the court's refusal to give the following charge requested by them: "Unless the contract was for the entire year the defendants had the

right to discharge the plaintiff at any time during the year without any fault on his part."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

D. W. SPEAKE, for appellant.—(1.) The counts were subject to the demurrers interposed.—*Baldwin v. K. C. M. & B. R. R. Co.,* 111 Ala. 515. (2.) The plea of Masterson in the justice of the peace court was not admissible in evidence.—16 Am. & Eng. Enc. of Law, 588. (3.) The evidence of custom was not admissible.—*Garrett v. Trabue Davis & Co.,* 82 Ala. 227; *Turnbull v. Citizens Bank,* 16 Fed. Rep. 145; 24 Fed. Rep. 767; 16 Fed. Rep. 868; 14 Fed. Rep. 422; *Kuhl v. Long,* 102 Ala. 563; 2 Greenleaf on Ev. (13th ed.), 233, note; 27 Am. & Eng. Ency. Law, 819, 820; *Wilson v. Smith,* 111 Ala. 175.

WERT & WERT, *contra.*—(1.) The complaint was not subject to the demurrers.—*Moss v. D. L. I. & F. Co.,* 93 Ala. 269. (2.) Evidence of custom was admissible. *Hass v. Hudmon,* 83 Ala. 174; *Stoudenmire v. Harper,* 81 Ala. 242. (3.) Charges 1 and 2 given at plaintiff's request were proper.—*Moss v. D. L. I. & F. Co.,* 93 Ala. 269. (4.) The charge asked by defendants was properly refused.—*Bir. Fire Brick Works v. Allen,* 86 Ala. 185.

McCLELLAN, C. J.—Plaintiff testified that defendants employed him for the year 1897 at a salary of four hundred and fifty dollars for the year. The defendant with whom the agreement was made testified that he employed plaintiff for an indefinite time at thirty-five dollars per month. On this state of the case, it was manifest error to allow plaintiff to prove that it was defendants' custom to employ their clerks by the year and that they employed other clerks during the year 1897. The terms of express contracts cannot be proved in this way.—*Wilson v. Smith,* 111 Ala. 170; *Kuhl v. Long,* 102 Ala. 563; *Garrett v. Trabue, Davis & Co.,* 82 Ala. 227; *Haas Bros. v. Hudmon Bros. & Co.,* 83 Ala. 174, 176.

In view of the interposition of the plea of set-off by

defendants it was not error to receive evidence of the amount claimed by them in the suit against Masterson before a justice of the peace, and the account furnished Masterson in that suit was also properly received; but Masterson's plea to that action should not have been admitted in evidence for him in this.

This action was begun on August 11th, 1897. The first count claims for work and labor done between January 1st and December 31st, 1897 . This is an apparent anachronism which it would be well to remedy.

The second count is not open to the objection taken by the demurrer to it. It is to be taken as upon an open account.

The third count should be amended so as to show more certainly that the claim is for that part of the services which plaintiff was prevented from performing by his wrongful discharge. Of course, on the averments of this count interest would be recoverable only from December 31st, 1897.

Charge 1 given for plaintiff is not open to the objection made in argument for appellants. There is no evidence that plaintiff received anything for his services from the time of his discharge to the expiration of the alleged term of his contract with defendants.

According to plaintiff's averment and evidence the contract was not for "the entire year," but from January 4th to December 31st. The charge asked by defendants might, therefore, have misled or confused the jury. Moreover, according to the theory of the defense the contract was by the month, and plaintiff could not, it would seem, have been rightfully discharged without fault on his part "at any time during the year," but only at the end of a month.—*Moss v. D. L. I. & F. Co.*, 93 Ala. 269.

Reversed and remanded.