[Dees v. Self Brothers.]

# Dees v. Self Brothers.

*Assumpsit.*

(Decided Jan. 20, 1910.   51 South. 735.)

1. *Assumpsit; Action on; Common Counts; Contract Performed in Part.*—Where two parties enter into a contract which is entire and one party performs a part of what he agrees to do, he cannot recover on the common counts but must declare on the contract and rely upon his rights under it.

2. *Same.*—If a party sueing has properly performed his part of the contract, and the other party has accepted the results, the party performing can recover the value of the same on the common count, unless the acceptance was unavoidable.

3. *Account; What is.*—An account is a general term which covers any item of indebtedness by contract, express or implied.

4. *Logs and Logging; Sale of Standing Timber; Price; Evidence.*—Where the action was for recovery of the price of pine timber alleged to have been sold to the defendant and the evidence for the plaintiff tended to show that it was sold to defendant individually and the defendant denied making the purchase on his own account but stated that he was cutting and hauling it for another, it was immaterial as to how much he was getting for cutting and hauling.

5. *Same.*—Where the action was for timber cut and taken away under a parol contract of sale, giving the defendant the right to cut and remove all timber on certain land at so much per foot therefor, and no time was specified for payment so that the presumption was that it was to be paid for as the timber was taken, it was proper to refuse evidence of how much timber was left standing.

6. *Same; Pleading.*—Where a contract has been performed on one side and nothing remains to be done but the payment of the money, a recovery may be had on the common count, hence, where timber was purchased under a parol contract and no time was specified as to the payment raising the presumption that it was to be paid for as taken, and certain timber had been taken, the plaintiff may recover the price under the common counts without declaring on the contract.

7. *Same; Instructions.*—Where the action was under the common counts for timber taken under parol contract of sale specifying no time for payment, and the buyer had not paid for it, charges on the requisites of an executed contract, were properly refused.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND:

15—165

[Dees v. Self Brothers.]

Action by Self Brothers against J. R. Dees on the common counts for the price of timber. Judgment for plaintiff and defendant appeals. Affirmed.

The bill of exceptions shows that the evidence tended to show that plaintiffs sold the defendant individually in June or July, 1907, all the pine timber standing and growing on a certain 120 acres of land in Monroe county at and for the price of $2.50 per 1,000 feet, said timber to be cut and removed as early as possible; that the defendant had cut and removed from said land between 118,000 and 120,000 feet, on which plaintiffs had received a payment of $65.17, which payment was made by the Limestone Lumber Company; that there was a balance of $225 due, with interest thereon; and that the agreement is not in writing. The evidence for the defendant tended to show that the sale was made to him for the Limestone Lumber Company, and that after the sale was made, under the direction of the Limestone Lumber Company, plaintiffs pointed out the lines to the defendant, and the defendant began cutting and hauling the timber; that defendant cut and hauled about 30 days, when plaintiffs stopped him, and said they were afraid that the lumber company would not pay them, and that they went to see the lumber company, and in a few days told defendant to go ahead with the cutting, and that defendant cut 15 or 20 days more, when the lumber company failed, and he had not cut any more for them. The objections to evidence are sufficiently stated in the opinion of the court.

The following charges were refused to the defendant: "(1) The court charges the jury that an executed contract is one that is completed, and where nothing remains to be done by either party to the contract. (2) The court charges the jury that an executory contract is one where something remains to be done, such as de-

termining the price, quantity, or identity of the thing sold." (3) The affirmative charge found for the defendant.

BARNETT & BUGG, for appellant.—The evidence tends to show that the defendant was merely an agent, and the burden is on the defendant of showing the credit was given to the agent exclusively.—*Anderson v. Timberlake,* 114 Ala. 377. The contract was not executed, and hence, no recovery could be had on the common counts.—*Beadle v. Graham,* 60 Ala. 99; *Stafford v. Sibley,* 106 Ala. 189; *Abercrombie v. Vandiver,* 126 Ala. 532. Counsel cite.—3 Words & Phrases, 2606, as to the distinction between express and implied contracts.

McCORVEY & HARE, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This action was brought by the appellees against the appellant to recover for certain pine timber which, it is claimed, was sold to the defendant and received by him. The evidence of the plaintiffs tended to show that the timber was sold to the defendant individually, by a verbal contract, at so much per thousand feet, and that he got a certain amount; the evidence being that defendant bought all of the pine timber on a certain piece of land, but not showing whether what he got was all of said timber or not.

There was no error in sustaining the objection, by the plaintiffs, to the question to the defendant, as a witness, "How much were you getting for cutting and hauling this timber?" The defendant had denied making the purchase on his own account, and had stated that he was merely cutting and hauling the timber for the Limestone Lumber Company. It was immaterial

to the issues in this case what he was being paid for that service.

The only counts in the complaint are on an account, for money loaned, account stated, for merchandise, goods and chattels, sold by plaintiffs to defendant, for money paid by plaintiffs for the defendant at his request, and for work and labor done. There is no proof tending to sustain either one of the counts, unless it be the first. An "account" is a general term which covers any item of indebtedness, by contract, express or implied.—1 Cyc. 362; 1 Am. & Eng. Ency. Law, 434, and notes; 1 Words & Phrases, 87; *Cave, Use of Wallace, v. Burns,* 6 Ala. 780; *Morrisette, Extr., v. Wood,* 128 Ala. 505, 507, 508, 30 South. 630. The first count, then, covers the indebtedness shown by the evidence of the plaintiffs, unless it is subject to the objection raised by the appellant, to wit, that a recovery cannot be had on the common count, because the evidence shows a special parol contract, which should have been specifically declared on, unless it had been fully executed, so that nothing remained save the obligation of defendant to pay the money.

It is frequently laid down as a principle that where two parties have entered into a contract which is entire, and one has performed a part of what he agreed to do, he cannot recover on the common counts, but must declare on the contract, and rely upon his rights under it. It is also a principle that when the contract has been performed on one side, and nothing remains to be done but the payment of the money, a recovery may be had on the common counts. It is also true that if the party suing has partly performed the contract, and the other party has accepted the result of his work, he can recover the value of the same, on the common counts, except in such cases where the acceptance of the work

was unavoidable.—*Florence Gas, Electric Light & P. Co. v. Hanby,* 101 Ala. 17, 32, 13 South. 343; *Woodrow v. Hawving,* 105 Ala. 241, 245, 16 South. 720; *Stafford v. Sibley,* 106 Ala. 189, 191, 17 South. 324; *Henderson-Boyd Lumber Co. v. Cook,* 149 Ala. 227, 231, 232, 42 South. 838; *Bell v. Teague,* 85 Ala. 211, 215, 3 South. 861; *Martin v. Massie,* 127 Ala. 504, 29 South. 31. In the last-cited case, the court held that a person, after partly performing and abandoning an entire contract (there being no proof of voluntary acceptance), could not recover either on the contract or on common counts. The decisions generally, on this subject, relate to labor or construction contracts.

It will be noticed that, in the present case, the party who is raising the question is not one for whom the work has been done in partial performance of a contract, but the party himself who agreed to purchase all the timber, who has gotten a part of the timber, and of course gotten the benefit of it; and he says that he should not be made liable in this form of action for the timber which he has actually gotten, because he has not availed himself of his privileges under the contract by taking it all. There is no proof that the contract was entire, and that he was not going to pay for any until he had gotten it all. There is no proof that the other party had in any way prevented him from getting all of the timber. In fact, so far as the evidence shows, we do not see any field of operation for the principle invoked to this character of contract. There being nothing said about the time when the timber was to be paid for, the natural interpretation would be that it was to be paid for as taken, and, as to each lot taken, the contract was performed by the seller, and nothing remained but for the buyer to pay the money, and a recovery could be had under the common counts.—*Veerkamp v. Hurlburd C. & O. Co.,* 58 Cal. 229, 41 Am. Rep. 265.

[Slight v. Frix.]

It results that there was no error in the refusal to allow proof as to how much timber was left standing, nor in the refusal to give the charges on the requisites of an executed contract, nor in the refusal to give the general charge in favor of the defendant.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.