HENRY DENNIS *vs.* WATERFORD PACKING COMPANY.

Cumberland.    Opinion March 3, 1915.

*Bill of Exceptions.    Broker.    Commissions.    Exceptions.    Fancy Corn.    Samples.*
*Self-serving Evidence.*

1.  The court is not bound to consider exceptions, unless the bill of exceptions itself states the grounds of exceptions in a summary manner; nor unless it states the evidence, concerning the admission or exclusion of which complaint is made, and enough of the contentions or issues in the case to show that it was relevant or irrelevant, material or immaterial, competent or incompetent, as the case may be; nor, unless it contains the requested instructions, to the refusal of which exception is taken, and sufficient matter to show that the requested instructions were appropriate.

2.  Neither the reference in a bill of exceptions to the body of the evidence, nor the incorporation of the evidence as a part of the bill of exceptions can take the place of a succinct and summary statement of the specific grounds of exception in the body of the bill itself.

3.  Letters and telegrams sent in the general course of business by one party to a suit to the other, which by the character of their contents are naturally calculated to elicit replies and denials are admissible in evidence, although they are self-serving, and are not answered.

4.  A broker has earned his commissions for the sale of goods, when he has produced a customer who is ready and willing to buy on the seller's terms, and is able to pay.

5.  In a suit by a broker to recover commissions, it appears so clearly that the defendant offered for sale "fancy" packed corn; that the plaintiff produced a customer ready and willing to buy "fancy" packed corn, and able to pay for it; that the corn offered was not "fancy" and that for that reason the customer refused to take it, that a verdict for the defendant is set aside.

On exceptions and motion by plaintiff.    Exceptions sustained. Motion for new trial sustained.

This is an action on the case tried in the Superior Court for Cumberland County at the November term, 1913, to recover commissions for procuring a customer, who was ready, willing and able to purchase certain canned corn offered for sale by the defendant to the

plaintiff, a broker. The defendant plead the general issue and filed a brief statement. The plaintiff had various exceptions to the admission and exclusion of evidence, and to the charge of the presiding Judge. The defendant moved that the plaintiff's bill of exceptions be dismissed on the ground that they are not sufficiently definite, specific and summary. This is considered in the opinion. The jury returned a verdict for the defendant, and plaintiff filed a general motion for a new trial.

The case is stated in the opinion.

*Hinckley & Hinckley,* for plaintiff.

*Eben Winthrop Freeman,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. Action by a broker to recover commissions. The verdict was for the defendant, and the case comes before this court on the plaintiff's exceptions and motion for a new trial.

The defendant moves that the exceptions be dismissed on the ground that they are not sufficiently definite, specific and summary. The bill of exceptions states that,

"During the trial, the plaintiff seasonably objected to the admission of certain testimony, and when the same was admitted noted his exceptions.

During the trial the plaintiff offered certain testimony which the presiding Justice excluded, and the defendant (plaintiff?) duly excepted.

At the close of the evidence the plaintiff duly requested the presiding Justice to give certain instructions to the jury, which the presiding Justice refused to give, and the defendant (plaintiff?) duly excepted."

There is in the bill no other or particular statement of what the evidence was which was thus admitted or excluded. Nor is there anything in the bill to show that the evidence admitted was irrelevant, immaterial or incompetent; nor that the evidence excluded was relevant, material and competent; nor is there anything to show that the requested instructions were appropriate. There is nothing to show that the rulings and refusals to rule were erroneous or prejudicial. This statement brings this bill of exceptions precisely within

the teeth of *McKown* v. *Powers*, 86 Maine, 291. It does not present separately each issue of law in that clear, distinct, summary manner required by the statute. R. S., Chap. 79, Sec. 55. *Salter* v. *Greenwood*, 112 Maine, 548.

It is needless to cite the long line of cases in this State which hold that the excepting party must on the face of the bill show that he has been aggrieved; and this rule requires that the bill should state the evidence concerning the admission or exclusion of which complaint is made, and enough of the contentions or issues in the case to show that it was relevant or irrelevant, material or immaterial, competent or incompetent, as the case may be. In the case of *McKown* v. *Powers*, which was but a restatement of the existing rule, the court declared in substance that it would not feel bound to consider exceptions so irregularly presented, and that it would not do so, unless in exceptional cases. This warning was repeated in *Wilson* v. *Simmons*, 89 Maine, 242, in which the court used this language: "An imperative rule has been established and repeatedly reaffirmed in order to secure greater regularity and certainty in the administration of justice, and no material relaxation of the rule will be countenanced, unless for special and peculiar reasons in furtherance of justice." The doctrine of *McKown* v. *Powers* has been many times reaffirmed since that case was decided, the latest instance being in the very recent case of *Salter* v. *Greenwood*, 112 Maine, 548.

It is true in this case, as it was in *McKown* v. *Powers*, that the record of the evidence is made a part of the bill of exceptions, but that does not help the matter. It is not a "summary" bill, as contemplated by statute. It is not an infrequent practice in framing a bill of exceptions to refer to the evidence and make it a part of the bill. This is not improper. The evidence may help to illuminate the exceptions. But neither the statute, nor approved practice, contemplates that a reference in the bill to the body of the evidence, or the incorporation of the evidence as a part of the bill, is to take the place of succinct and summary statement of the specific grounds of exception in the body of the bill itself. In view of the statute and the rule, we do not think it is the duty of the court to hunt through a mass of undigested, and sometimes indigestible, testimony, to find the points of exception, and determine their value.

The motion of the defendant might well be granted, if that would end the case. But as an examination of the record under the motion

for a new trial has led us to the conclusion that the case must be sent back for a new trial, we deem it to be for the interest of both parties to consider now one or two questions concerning which exceptions were taken. And this necessitates a brief statement at this point of the issue between the parties.

The defendant corporation is a packer of corn. The plaintiff is a broker of corn packing products. On October 12, 1912, the defendant wrote to the plaintiff as follows:—"Having finished packing corn we are now in the market with about Ten Thousand Cases Fancy, which we offer at $1.00 net per dozen cases, F. O. B. Harrison, Maine, with the customary label allowance." Thereupon the plaintiff offered the corn to Austin-Nichols Co. of New York, upon the terms named in the letter. October 14, Austin-Nichols Company accepted the offer subject to approval of case of "fancy" representing average quality. The plaintiff notified the defendant of the acceptance, and requested it to send sample case to Austin-Nichols Company for their approval. A sample case was accordingly sent. October 19, Austin-Nichols Company wired the plaintiff, "Sample case Waterford corn received. Not fancy quality. Cannot use." The telegram was offered in evidence, and excluded on the ground that it was merely hearsay evidence, as to the quality of the corn. The plaintiff testified that upon receipt of the telegram he wrote a letter to the defendant in which he communicated the information received in the telegram, or, as we understand it, the substance of the telegram. Then he offered to show the contents of that letter. The evidence of the contents of the letter was excluded on the ground that they were self-serving statements.

We have recently held that letters and telegrams sent in the general course of business, by one party to a suit to the other, and not specifically to manufacture evidence, which by the character of their contents are naturally calculated to elicit replies and denials, are admissible in evidence, although they are self-serving, and are not answered. *Ross* v. *Reynolds*, 112 Maine, 223; *Keeling-Easter Co.* v. *Dunning Co.*, 113 Maine, 34. The ground of admissibility is not that the writings themselves afford proof that the statements in them are true, but that silence when such statements are made may itself be an admission. We think the evidence offered and excluded falls within this rule, and that it should have been admitted. These observa-

tions will apply also to other instances of exclusion of oral statements made by the plaintiff to the representative officers of the defendant. The exceptions must be sustained.

The motion can be disposed of briefly. If the plaintiff produced a customer ready and willing to buy on the defendant's terms, and able to pay, he earned his commissions. That the plaintiff produced a customer ready and able to buy "fancy" corn and that it was "fancy" corn which the defendant in its letter to the plaintiff proposed to sell, the testimony leaves no real doubt. It is undisputed. Neither can there be any real doubt that the customer refused to accept the corn on the claimed ground that it was not "fancy" corn.

This leaves only two questions for consideration, 1, was the customer willing to buy the corn if it was "fancy corn?" and 2, was it fancy corn? We find nothing in the testimony which tends to show that the customer was not willing to buy, if the corn proved to be as represented, "fancy" corn. Even after it wired the plaintiff that the sample sent was not "fancy quality," it sent its agent and buyer from New York to Waterford to inspect the corn, and to see if in fact the bulk of it was "fancy." And he after examination refused to accept it for the reason that it was not "fancy." Every consideration of the evidence tends to the conclusion that the customer was willing to buy "fancy" corn. There is no warrant for a contrary conclusion.

Lastly, was the corn "fancy" corn? The evidence is undisputed that there are known to the trade two principal grades of packed corn; one is called "Standard" and the other "Fancy." "Fancy" corn is the higher grade. It is not the best part of the pack in any particular year. It is the very best part of a good pack. It is corn that is packed from tender, creamy corn, and with good consistency. It is sweet, tender, of extra flavor, not hard nor wet, and got when the corn is "right in the milk," as it is called. There is direct evidence in the case that the corn in question was not "fancy" corn, as that corn is regarded in trade. And a most significant piece of evidence on this issue is the low·price at which the defendant was afterwards willing to sell the bulk of it, compared with the then going price for "fancy" corn. Aside from some evidence, which is disputed, that the plaintiff said after examination that the corn was all right, the defendant offered no evidence whatever that the corn was in fact "fancy." The highest praise given to the corn by the defendant's

witnesses, in our judgment, falls very considerably short of showing that it was "fancy." And counsel in the brief submitted makes no claim that the corn was "fancy."

Upon the record now before us, we think it is unmistakable that the verdict is wrong. Justice requires that it be set aside.

*Exceptions sustained.*
*Motion for a new trial sustained.*