144 So. 86

## DENSON v. KIRKPATRICK DRILLING CO.

### 6 Div. 993.

Supreme Court of Alabama.

Oct. 27, 1932.

W. A. Denson, of Birmingham, for appellant.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellee.

BROWN, J.

Action of assumpsit on the common counts by appellee against appellant for work and labor performed in drilling two holes on coal lands to locate the distance of the seams of coal from the surface and their approximate thickness.

The demurrers of the defendant to the complaint are not addressed to the counts

as numbered, but generally "to each and every count of plaintiff's complaint separately and severally," and the judgment on the demurrer is that "the demurrers to each of the *common counts* are by the court heard and considered, whereupon, it is ordered and adjudged by the court that said demurrers be and they are hereby overruled."

In view of this state of the record, it will not be assumed that the blank forms numbered in the complaint as "Count 2," "Count 4," and "Count 5" were treated as "common counts."

■ Counts 1, 3, and 6, taken in connection with the concluding averment in the complaint—"which several sums of money, with interest thereon, are now due and unpaid"—are substantially in the form prescribed by the statute, and the demurrers to these counts were overruled without error. Code 1923, § 9531, form 10; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801; Hartsell & Son v. Masterson, 132 Ala. 275, 31 So. 616.

The counts held defective in Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 So. 398, and Gilbert v. Mitchell, 22 Ala. App. 603, 118 So. 495, omitted the averment "from him." This averment appears in count 1 in the case at bar. The counts held defective in Kelly v. Burke, Guardian, etc., 132 Ala. 235, 241, 31 So. 512, did not follow the form prescribed by the Code. The count condemned in Schwartz Motor Co. v. Bradley Real Estate & Ins. Co., 220 Ala. 295, 125 So. 26, 27, did not follow the Code form and was indefinite as to whether the claim for rent accrued under the original lease or the extended lease, and was "lacking in certainty to a common intent as to when the unpaid indebtedness accrued and became due."

Count 4, condemned in Perry & Walden v. Gallagher, 200 Ala. 68, 75 So. 396, declared specially on a simple contract, and was lacking in averment showing a consideration for the contract. Count 2 in that case did not follow the statutory form, in that it omitted the averment that the account declared on was "unpaid."

■ The defendant's plea 1 interposing to each and every count of the complaint, "separately and severally," that "the matters and things alleged in said count are untrue," is the general issue prescribed by the statute, and put in issue every fact necessary to entitle the plaintiff to recover (Code 1923, § 9470), and while technical error may have been committed in sustaining the demurrers to other pleas, which amounts to a mere denial of the averments of the complaint, it was error without injury. Unnecessary repetition in pleading is not permissible, but where a plea is not defective in substance and is a mere repetition of the general issue, motion to strike is the appropriate method of ridding the record of such pleading. Brooks v. Continental Insurance Co., 125 Ala. 615, 29 So. 13; Hill v. Hyde et al., 219 Ala. 155, 121 So. 510.

The evidence is without dispute that the work and labor, the basis of the plaintiff's claim, was performed under two express contracts stipulating that the drilling was to be done for a specified price per foot, with condition that a specified number of feet were to be guaranteed. Two holes were drilled, and the controversy here arises in respect to the first, designated as "Hole No. 1." As to the second hole there is no dispute in the evidence as to the depth of the hole or the price agreed to be paid, and defendant concedes his liability therefor, and states that the only reason the work performed in drilling the last hole has not been paid for is that the account for drilling this hole was combined with an account for drilling the first, as to which he denied liability on two grounds: First, that the plaintiff had not fully performed the contract; and, second, that the contract was made by plaintiff with him in a representative capacity as the attorney for the "Miller heirs," who owned the lands upon which the drilling was done.

■ To entitle the plaintiff to recover on the common counts, the burden of proof was on it to show that the contract was made with the defendant, and if the contract was an entire contract, that it was fully performed, leaving nothing to be done except the payment of the agreed price for the work. Dees v. Self Brothers, 165 Ala. 225, 51 So. 735; Jonas v. King, 81 Ala. 285, 1 So. 591; Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 So. 216, 38 L. R. A. (N. S.) 924, Ann. Cas. 1914A, 718. And it was defendant's right, under the plea of the general issue, to show that he was not a party to the contract; that he had authority as the agent of a definite party or parties whose identity was made known to the plaintiff; and that such party or parties were accepted as the persons liable therefor (Dexter v. Ohlander, 89 Ala. 262, 7 So. 115; Humes v. Decatur Land Imp. & Furnace Co., 98 Ala. 461, 13 So. 368; Anderson v. Timberlake, 114 Ala. 377, 22 So. 431, 62 Am. St. Rep. 105; Murphy v. Barnard, 162 Mass. 72, 38 N. E. 29, 44 Am. St. Rep. 340; 21 R. C. L. 895, § 69); or, on the other hand, if the contract was made between the plaintiff and defendant, that it was an entire contract and that the plaintiff had not fully performed the contract. Therefore, the sustaining of demurrers to defendant's special pleas alleging that the contract was not made by him, and pleas alleging that plaintiff had not fully per-

formed the contract, along with other matters not constituting a defense, was not error. Moreover, proof of facts necessary to sustain such pleas was admissible under the general issue. Bibby v. Thomas, 131 Ala. 350, 31 So. 432; Stephenson v. Wright, 111 Ala. 579, 20 So. 622; Beall v. James Folmar Sons & Co., 122 Ala. 414, 26 So. 1; Mitcham & Smith v. Moore, Adm'r, 73 Ala. 542.

 Recoupment must be specially pleaded and with the same certainty as is required to state a cause of action in a complaint. J. C. Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748.

 Defendant's pleas 8, 9, 10, 11, and 12 were patently defective in failing to state the terms and conditions of the contract, and the demurrers thereto were properly sustained.

 The plaintiff's first witness, Alsmiller, testified that in the early part of 1928 he was plaintiff's bookkeeper, in charge of its office during the months of January and February, and up until the 15th of March; that he wrote the letter dated January 4, 1928, referred to in the bill of exceptions as "Plaintiff's Exhibit A"; that "it was addressed to Mr. W. A. Denson with an envelope addressed to W. A. Denson, Title Guarantee Building, Birmingham, Alabama, and put in the mail." On this predicate, without more, the court overruled the defendant's timely objection on the ground that: "Said letter is incompetent, irrelevant, immaterial and illegal, not within the issues raised in the pleadings in this case; not shown when W. A. Denson received said letter; not shown from whom W. A. Denson received said letter; *it is not shown that W. A. Denson ever signed that agreement which this letter purports to be, or ever accepted the same; it is not shown to be signed by any one having authority to represent the plaintiff in this case, it is not shown to have ever been delivered to W. A. Denson by any one having authority to represent the plaintiff in this case.*" (Italics supplied.)

The letter does not purport to be a written confirmation of a previous oral agreement between the parties, but is in form an original proposition stating terms "with reference to the drilling at Palmer, Tennessee," which was "talked over" in defendant's office the day previous to the date of the letter, and is signed at the foot thereof, "Kirkpatrick Drilling Co., By Sol Rudolph," with the word "Accepted: ─────," written to the left of such signature.

There is nothing in the predicate, and, as for that matter, in the evidence as a whole, going to show that the plaintiff relies on a contract evidenced by mutual correspondence between the parties, and it is familiar law that an unsigned writing drawn by one of the parties as expressing the terms of a contract, which on its face evinces the intention that it

is to be signed to become a binding obligation, in the absence of evidence showing that the writing was accepted and acted on between the parties as expressing the terms of a contract, should not be admitted as proof of the terms of such contract. Vastbinder v. Metcalf, 3 Ala. 100; Rutherford's Adm'rs v. Branch Bank at Mobile, 14 Ala. 92; McGowin Lumber & Export Co. v. R. J. & B. F. Camp Lumber Co., 192 Ala. 35, 68 So. 263.

We therefore hold that the grounds of objection italicized were well taken, and the court erred in overruling the objection and admitting the letter on the predicate established by Alsmiller's testimony.

Whether or not the testimony subsequently offered afforded a sufficient predicate for the admission of the letter and rendered this erroneous ruling innocuous is another question.

Plaintiff's counsel stated, at the time the letter Exhibit A was offered, "this is one of the letters that was delivered to us here in open court by the defendant." This statement was not disputed by the defendant. The evidence further shows that while the work was in progress, and before hole No. 1 was completed, the plaintiff sent a copy of Exhibit A through the mails to the defendant in care of plaintiff's driller, Bigham, Tracy City, Tenn., where the work was being done, which was delivered to the defendant by Bigham, and Bigham testified that defendant made no statement to him in respect to the letter. However, the defendant testified that he told Bigham at that time that the letter did not correctly express the terms of the contract and refused to sign it.

Further than this, the evidence is without dispute that defendant made no reply to said letter; that he was present from time to time during the progress of the work on hole No. 1, and kept two men at the place to watch the drilling, one of whom was an experienced mining engineer.

When hole No. 1 was completed, under the direction of the defendant, the drilling apparatus was moved by Bigham, plaintiff's driller, a distance of approximately a quarter of a mile to the place selected by the defendant for hole No. 2. About this time the plaintiff sent another letter to defendant, designated in the bill of exceptions as "Plaintiff's Exhibit 55," the material part of which is as follows:

"With reference to the second proposed hole at Palmer; we will agree to drill this second hole, same size as the first one, for the same price of $5.00 per lineal foot, but with a guarantee that we are to have as much as 60 feet of drilling in this hole or receive $300.00 for whatever amount we drill less than 60 feet. *Your instructions to start on this second hole will be considered as your acceptance of this agreement.* (Italics supplied.)

"We are again asking that you sign the contract which was forwarded to you and return to us at once as we will be unable to continue this work unless we receive same. Since your engineer has advised that he understood the agreement as shown in the contract, and knowing that you would not attempt any work without a signed contract, we do not see why you are still hesitating about signing this agreement.

"Let us hear from you immediately, returning to us the contract, properly signed."

The defendant on his cross-examination testified:

"Q. You didn't write or get letters about this, did you? A. If I wrote any letter I have no recollection of it now.

"Q. In connection with this whole thing, from beginning to end, you have never put your name on any paper, letter, post card, or anything else in connection with it? A. I have a lady in my office who does work for me, and I knew what it was, and I knew that they knew. That was a special contract between us, and both of us had to live up to it between us. We are not trying to change it. *It was a written document.*" (Italics supplied.)

The testimony of the witness Rudolph, who acted for the plaintiff in making the verbal agreement, and that of the defendant given in his own behalf, was in sharp conflict as to the agreed price of the drilling, and said Exhibit A corroborates Rudolph's testimony on this point and contradicts that of the defendant. Therefore, though the trial was before the court without a jury, if the admission of said Exhibit A cannot be justified, its admission in evidence must work a reversal of the judgment. Lallande v. Brown, 121 Ala. 513, 25 So. 997; First National Bank of Talladega v. Chaffin et al., 118 Ala. 246, 24 So. 80; Bowdon Lime Works et al. v. Moss, 14 Ala. App. 433, 70 So. 292; 3 Mayf. Dig. 464 (c) 7.

 It is well settled as a general rule that if the subject-matter of a contract is not such as the law requires, the contract to be in writing and signed by the parties, a written offer stating the terms of the contract, made and signed by the offerer, may be accepted by the offeree and become a binding obligation without his signature thereto, but, as expressed in our recent decision in Stephenson Brick Co. v. Bessemer Engineering & Construction Co., 218 Ala. 325, 118 So. 570, 571, "such an acceptance, however, to become effective as a binding contract must be *positive* and unambiguous." 1 Williston on Contracts, pp. 127, 168, §§ 72, 90. This statement of the general rule precludes acceptance by. mere silence and inaction, as "generally speaking an offeree has a right to make no reply to offers, and his silence and inaction cannot be construed as an assent to the offer." 1 Williston on Contracts, p. 168, § 91; More v. N. Y. Bowery Fire Ins. Co., 130 N. Y. 537, 29 N. E. 757; Bishop on Contracts, § 329; Wiedemann v. Walpole, 2 Q. B. 534.

██ There are exceptions to this general rule, as where the written offer on its face does not show that the signature of the offeree is contemplated as essential to a binding acceptance, but is such as contemplates silence and nonaction as an acceptance, and is made under circumstances requiring the offeree to speak, the question of acceptance may become one of law for the court where the evidence is without dispute (Manufacturers' & Merchants' Inspection Bureau v. Everwear Hosiery Co., 152 Wis. 73, 138 N. W. 624, 42 L. R. A. (N. S.) 847, Ann. Cas. 1914C, 449), or of fact to be determined by the triers of the fact where the evidence is in dispute or subject to adverse inferences (Hobbs v. Massasoit Whip Co., 158 Mass. 194, 33 N. E. 495; 1 Williston on Contracts, p. 171, § 91a).

There are other exceptions to this rule, but they are not applicable to the case in hand. Sturdivant v. Mt. Dixie S., L. & I. Co., 197 Ala. 280, 72 So. 502; Manufacturers' & Merchants' Inspection Bureau ,v. Everwear Hosiery Co., supra.

██ Plaintiff's Exhibit A is not within the general rule or any of the exceptions thereto. The paper on its face and the subsequent conduct of the plaintiff clearly show that the offer was not to become a binding obligation until acceptance was evinced by the signature of the offeree, and the silence of the defendant manifested an intent not to be so bound. Therefore, to hold that his silence amounted to an acceptance in law would establish as a contract a writing which neither of the parties intended should be binding unless signed. It is not the province of the law or the courts to make a contract which the parties by their conduct did not intend should be such. This, however, does not necessarily determine the question presented.

██ The general rule of evidence stated in 10 R. C. L. p. 1149, § 352, "that a party cannot make evidence for himself by his written communications addressed to the other party, as to the character of dealings with them, or the liability of the party to whom they are addressed, in the absence of any reply assenting to the same," is in accord with the. rule of our decisions. H. Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 73 So. 938; Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; note, 8 A. L. R. 1163; Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508.

██ There are, however, some exceptions to this general rule, and one of these is that unanswered letters are admitted in favor of the writer when they are of the res gestæ of the transaction under investigation. Mur-

ray v. East End Imp. Co. (Ky.) 60 S. W. 648, 22 Ky. Law Rep. 1477; Thorndike v. City of Boston, 1 Metc. (Mass.) 242; Moses v. Katzenberger & Sons, 84 Ala. 95, 4 So. 237; Cleveland Woolen Mills v. Sibert, Ward & Co., 81 Ala. 140, 1 So. 773.

Another statement of this exception to the rule is that such letters are admissible, though they contain self-serving declarations and are not a part of the mutual correspondence, when they relate to existing contracts between the parties. Peninsular Naval Stores Co. v. Parrish, 13 Ga. App. 779, 80 S. E. 28; Ross v. Reynolds, 112 Me. 223, 91 A. 952; Keeling-Easter Co. v. R. B. Dunning & Co., 113 Me. 34, 92 A. 929; Dennis v. Waterford Packing Co., 113 Me. 159, 93 A. 58, Ann. Cas. 1917D, 788; Sturtevant v. Wallack, 141 Mass. 119, 4 N. E. 615; Gore v. Hawsey, vol. 3 Foster & Finlason's Rep. (Eng.) 509.

▆ The letter, plaintiff's Exhibit A, was within the exception last above stated, and it was admissible as tending to show plaintiff's conception of the contract, and its weight was for the trier or triers of fact. Therefore, the erroneous ruling of the trial court was rendered innocuous by the testimony subsequently introduced.

▆ The testimony of the witnesses Alsmiller and Kirkpatrick, who kept plaintiff's books and made the entries in the account against the defendant, was to the effect that the book containing such entries was the book of original entry kept by the plaintiff in the usual course of business; that the entries were made by the witnesses in the usual course of the plaintiff's business from the daily reports made by plaintiff's driller, Bigham; and that the entries on the book were correct. This was a sufficient predicate under the statute to authorize the admission of the account as contained in said book in evidence, and the defendant's objection thereto was properly overruled. Code 1923, § 7701; Booker v. Benson Hardware Co., 216 Ala. 398, 113 So. 256.

▆ The daily reports made by the driller and forwarded to the plaintiff's bookkeeper in the usual course of the business, showing the amount of drilling done, and from which the bookkeeper made the permanent entry in the ledger, are similar to entries made by a clerk of daily sales in a daybook and, if shown to be correct, were admissible in evidence. Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530; Fields v. First Nat. Bank of Haleyville, 216 Ala. 381, 113 So. 298. While the daily reports were offered in advance of the examination of the witness Bigham, who made and signed the daily reports, he was subsequently examined and testified that each of said reports was correct. Moreover, it appears that the measurements, the basis of said reports, were made jointly by Bigham, Boswell, defendant's employee, and Fletcher, the mining engineer employed by the defendant in making the log of hole No. 1. This predicate was sufficient to justify the ruling of the court in admitting said daily reports in evidence.

▆ The paper referred to by the witness Alsmiller as a "recap of the tally sheets," and designated in the bill of exceptions as "Plaintiff's Exhibit 45," was not evidence, and the court erred in overruling defendant's objection thereto. However, the paper appears to be a mere recapitulation of the daily reports showing the daily progress of the work on hole No. 1, which was properly received in evidence, and the error in admitting said paper was without hurtful consequences.

▆ One of the counts in the complaint declares on an account stated between the parties, and as going to sustain this count of the complaint, the court, over defendant's timely objection that it was not shown that defendant received the original of the letter, permitted the plaintiff to offer in evidence a copy of a letter dated April 27, 1929, plaintiff's Exhibit B. The ground of objection, among others, was that it was not shown that the defendant ever received the letter. The only predicate for this item of evidence was the testimony of plaintiff's bookkeeper, A. S. Johnson, to the effect that he wrote the letter; that "it was mailed to Mr. Denson," and the statement of plaintiff's counsel, "If your Honor please, here is a letter Mr. Denson says he does not have in his files."

To constitute an account stated, there must be assent to its correctness, either express or implied, and it is settled law that the retention of a statement of the account showing the net balance due, without objection, for an unreasonable time, prima facie shows assent. Goodwin v. Harrison, 6 Ala. 438; Burns v. Campbell, 71 Ala. 271; Joseph, Gaboury & Co. v. Southwark Foundry & Machine Co., 99 Ala. 47, 10 So. 327; Rice v. Schloss & Kahn, 90 Ala. 416, 7 So. 802; Lott v. Mobile County, 79 Ala. 69; Loventhal & Son v. Morris, 103 Ala. 332, 15 So. 672.

To raise a presumption of delivery of a letter to a particular person, it is not enough to show that it was mailed to him, but it must be shown that the envelope was properly addressed to the person at his place of business or residence, stamped and posted; that is, placed in the United States mail. Corinth Bank & Trust Co. v. Cochran, 219 Ala. 81, 121 So. 66; Calkins v. Vaughan, 217 Ala. 56, 114 So. 570; Tharp v. Loeb Hardware Co., 24 Ala. App. 344, 135 So. 412. The predicate was not sufficient, and the court erred in admitting the copy of the letter. This item of evidence goes to the amount of the indebtedness, and as the other evidence was in sharp conflict on this point, on principles heretofore stated this error must work a reversal of the judgment.

It was not error to admit in evidence the duplicate of the original of the "logs" of the two holes furnished by the plaintiff to the defendant after the completion of the work.

The letter of February 27, 1928, was properly admitted in evidence. It states the terms of the contract for drilling hole No. 2, and was of the res gestæ of the transaction, and the commencement of the work on hole No. 2, according to the terms of the proposition, was acceptance of the terms stated in the letter, and on principles heretofore stated was, as a matter of law, an acceptance by the defendant.

As we have heretofore stated, after hole No. 1 was drilled to limestone, the defendant, without making any objection to the log of said hole, had the drilling apparatus removed, and under his direction the second hole was started.

There is no material conflict in the evidence as to the terms of the first contract, except as to the price to be paid, and while the defendant had the right to have another hole drilled within four feet of hole No. 1, if he was not satisfied with and disputed the correctness of the log of the first hole, he could not wait until the work was abandoned and the account presented. The option to have the log of hole No. 1 verified by another hole drilled with a larger drill that would core the coal should have been exercised before the drilling machinery was removed, and when defendant caused the machinery to be removed, he waived this option. Caulfield v. Finnegan, 114 Ala. 39, 21 So. 484; 27 R. C. L. 910, § 6; Globe Mutual Insurance Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387.

The first contract was not entire, but was divisible, and plaintiff was under no obligation to drill the three-inch test hole, unless timely objection was made to the log of the first hole with request that a test hole be made. There was no evidence going to show that plaintiff guaranteed that coal would be found in paying quantities, or that the enterprise would be profitable to the defendant. Therefore, the plaintiff was entitled to recover under the common counts for the work of completing hole No. 1, as well as for completing hole No. 2. Dees v. Self Brothers, 165 Ala. 225, 51 So. 735.

The expert evidence offered by the defendant as to the proper method of drilling, the character and elevation of the land, etc., was wholly immaterial in the light of the undisputed evidence that shows that defendant waived the option and made no objection before moving the machinery.

[37] It is not seriously insisted that the contract was made by the defendant for his client, but it is a sufficient answer to such contention that there was no evidence that he was thereunto authorized. Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271.

Nor does the evidence sustain the defendant's pleas of recoupment. The expense incurred in keeping Boswell and Fletcher at the place, and other expenses incident to the transaction, etc., were voluntarily incurred by the defendant, and these expenses were in no way relevant to the contract under which the work was performed. As before stated, there is nothing in the evidence that plaintiff guaranteed that the undertaking would be profitable to defendant. Nor does the evidence show a breach of the contract by plaintiff or a breach of duty growing out of the contract. Craft v. Standard Accident Ins. Co., supra.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.