7 So.2d 265

### FIDELITY & CASUALTY CO. OF NEW YORK v. BEELAND BROS. MERCANTILE CO.

3 Div. 355.

Supreme Court of Alabama.

Feb. 12, 1942.

Rehearing Denied March 19, 1942.

Further Rehearing Denied April 16, 1942.

592

Rushton, Johnston & Williams, of Montgomery, for appellant.

Powell & Hamilton, of Greenville, for appellee.

FOSTER, Justice.

The question in this case is the liability of appellant, defendant in the trial court, for the services of attorneys Powell and Hamilton in assisting attorney Calvin Poole in the defense of a damage suit against appellee, as to which appellant had insured appellee according to the terms of the policy. There is no contention about the coverage or the duty of appellant to defend the suit in the name of appellee and to pay all costs taxed against insured in the suit, and "all expenses incurred by the company." The word "company" in the policy was defined to be the appellant, as insurer.

The limit of liability was $25,000. The suit was for $90,000, vigorously prosecuted. The verdict was for $7,000, which insurer paid; and also paid their attorney Calvin Poole who was unquestionably employed to defend the suit pursuant to their obligation in the policy.

Messrs. Powell and Hamilton also appeared for defendant and took active part in the defense of the suit and rendered valuable service in that respect. For their services in doing so they have not been paid by appellant. Appellee has procured from them an assignment of their claim and has here sued the insurer, claiming both as assignee of the claim of Powell and Hamilton, and by another count plaintiff claims the same amount as due under the terms of the policy, whereby plaintiff employed Powell and Hamilton with the knowledge and consent of defendant, and that by the terms of the policy defendant became liable to pay for such services but failed to do so, and because of such failure plaintiff has assumed and paid the same.

We will treat the questions as argued by counsel for appellant. We do not construe the policy to mean that insurer agreed to pay any expense incurred by

insured in the defense of the suit not authorized by them, but did agree to defend the suit in its entirety at their own expense and pay all expenses which they incurred in so doing. There is no contention that insurer did not undertake the defense of the suit pursuant to this duty, and employed competent counsel in that connection. It is also true that insured had the legal right to employ at his own expense counsel of his choice to aid in the defense.

The evidence for the plaintiff, insured, tended to show that they never employed Powell and Hamilton to represent them, apart from their employment by insurer, defendant; that the employment of Powell and Hamilton was first discussed and agreed on in the office of attorney Poole, then representing insurer in this case, when plaintiff agreed that it was satisfactory to employ them in the case as additional counsel. An alleged adjuster of insurer was also present in the office of Mr. Poole on this occasion, but he disclaimed authority at the time to employ counsel, according to plaintiff's evidence. Plaintiff had employed Hamilton and Jones to represent the driver of their truck on a criminal charge growing out of the accident which was the foundation of the suit, but the fee for doing so is not included in the present suit.

Prior to the conversation in his office, Mr. Poole had written to the general counsel advising him of the employment by plaintiff of Montgomery counsel, to which he received a reply from the general counsel suggesting the advisability of employing Rushton and Rushton of Montgomery. Some reference was made to that letter in the conversation in his office with the two plaintiffs about the employment of Powell and Hamilton. Thereafter he wrote to the general counsel that insured, after consulting with him, had already employed Powell and Hamilton to be associated in that case, and suggested that insurer should employ Powell and Hamilton to be associated in other suits pending, growing out of the same transaction. To this letter, the general counsel wrote Mr. Poole that he did not know that insured had employed Powell and Hamilton to be associated in the case to look after their interest, and that he would have their assistance, and since their services were available he saw no reason to associate other counsel. Receipt of this letter was acknowledged by Mr. Poole, showing that

he understood it as thus stated. Plaintiff's evidence tends to show that both of them understood that they were assenting to the employment of Powell and Hamilton by insurer; while that of defendant tends to show that Mr. Poole understood that they were to be employed by the insured, and so wrote the general counsel.

On December 9, 1940, after the termination of the suit Powell and Hamilton wrote a letter to insurer, which they did not answer, and appellant questions its legality as evidence in the case. In that letter they advised insurer of their version of the occurrences, which they claim amount to a consent of employment by insurer, and it contains the following statements: "After Mr. Poole was employed you suggested the employment of additional counsel, naming certain Montgomery attorneys. After this at a conference between representatives of Beeland Bros. Mercantile Company and Mr. Poole, at which your authorized representative, Mr. W. L. Macey, was present, the question of employing additional counsel was discussed. It was decided that it would be better to employ local attorneys for this purpose. The firm of Powell and Hamilton was suggested. Their employment met with the approval of Mr. Poole and also of Mr. Macey. You were apprised of the employment of this firm to assist Mr. Poole and it met with your approval. While there was no express agreement with you as to their employment it was with the understanding that you were to be responsible for the services rendered."

Appellant therefore contends that even though the jury accept the version of the transaction which occurred in Mr. Poole's office most favorable to plaintiff, the evidence without dispute shows that no one in Mr. Poole's office at the time had authority to bind insurer; that Mr. Poole's employment to defend the suit carried no implied authority to employ Powell and Hamilton; that the policy did not oblige insurer to pay the fee of counsel employed by insured, unless so authorized; that insurer had no notice that Powell and Hamilton were acting as their attorneys though they rendered services in the defense of the suit, and never ratified any such alleged employment.

### The unanswered letter.

Objection was made and overruled to a letter to which we have referred written

by Powell and Hamilton to the insurer, on the ground that it was self-serving. It is stated in it, as we have said, that "you were apprised of the employment of this firm to assist Mr. Poole and it met with your approval. While there was no express agreement with you as to their employment, it was with the understanding that you were to be responsible for the services rendered."

■ The general rule is that self-serving declarations in a letter which was not answered cannot be treated as admitted because the letter was not answered. The rule is different from that which obtains in respect to a claim verbally made to another in person. Winn v. Cudahy Packing Co., 241 Ala. 581, 4 So.2d 135; 20 Amer.Jur. 482, 809, 901; Denson v. Kirkpatrick Drilling Co., 225 Ala. 473(21), 144 So. 86; note in 8 A.L.R. 1166; Leach & Co. v. Pierson, 275 U.S. 120, 48 S.Ct. 57, 72 L.Ed. 194, 55 A.L.R. 457; Dennis v. Waterford Packing Co., 113 Me. 159, 93 A. 58, Ann.Cas.1917D, 788.

■ As pointed out in some of those cases, there are exceptions to this rule. But those exceptions do not extend to a situation where the dispute is whether a contract was made between the parties, so as to fix an admission by the adversary upon a failure to answer such a claim in a letter to him. The case of Leach & Co. v. Pierson, supra, was clear to this extent and quite similar in legal effect to that now under consideration.

There was reversible error in overruling objection to this letter and admitting it in evidence.

■ For the benefit of another trial, and assuming that substantially the same evidence will be introduced, and in the absence of the letter last referred to, we will express our views on its sufficiency to go to the jury on plaintiff's claim. There is no contention that Mr. Poole had authority to bind defendant to a contract of employment of Powell and Hamilton, either actually or by virtue of his employment to defend the suit. The law does not generally imply such authority. 5 Amer. Jur. 302; 90 A.L.R. 266; King v. Pope, 28 Ala. 601; Hitchcock v. McGehee, 7 Port. 556.

In King v. Pope, supra, the attorney employed by defendant engaged the services of another attorney without the authority of defendant. The latter attorney sued defendant for compensation for his services. We take the following extract from that case:

"The defendant asked the court to instruct the jury, 'That if there was no other evidence of an implied contract by defendant to pay plaintiff for the services rendered at the last trial in the supreme court, than the fact that plaintiff had attended to the case, on its first trial in that court, at the request of the lawyer who had been employed by defendant, and the fact that that lawyer had informed defendant that he had done so, and the further fact that plaintiff had attended to the case on such first trial, and had afterwards attended to the case in the circuit court, and that defendant was present, and did not object to his conducting the case,—that these facts would not authorize them to find for plaintiff, for services rendered by him on the last trial in the supreme court.' The court refused this charge, and then gave the following: 'That if the plaintiff attended to the first trial in the supreme court, and argued the case, with defendant's knowledge, and afterwards conducted the case as leading counsel in the circuit court, while defendant was present, and defendant made no objection to his conducting the case, and plaintiff afterwards argued the case in the supreme court, as the sole attorney in that court,—the jury might look to these as circumstances tending to show defendant's assent to plaintiff's appearance for him in the case; and that, if the jury believed that he did so assent, the defendant would be liable to the plaintiff for the reasonable value of the services rendered in the management of said case.'

"There was no error in refusing the charge asked by appellant. That charge asserts, that the facts stated in it would not authorize the jury to find for appellee, for services rendered by him on the last trial in the supreme court. That was going too far. These facts might have authorized the jury to find for appellee for those services, in one contingency; that is, in the event the jury believed from those facts, or inferred from them, that these services were rendered by appellant's request or assent."

It was further said: "The charge given by the court was appropriate and correct."

■ If Powell and Hamilton were employed by Mr. Poole, expressly or impliedly, not to share with them his fee, but as

additional counsel for defendant, and in doing so, had no actual or implied authority to bind defendant, and under such employment Powell and Hamilton rendered services for defendant, known to it, the circumstances may be such as to impress defendant on a reasonable basis that Powell and Hamilton were acting for them upon some arrangement which would imply a reasonable expectation that they were looking to defendant for compensation, also considered in the light of the fact that Powell and Hamilton were without knowledge of the contents of correspondence between defendant and Poole. While Powell and Hamilton are chargeable with notice that Poole had no implied authority to that end, they knew that actual authority was not unusual, and that such employment was usually made under the circumstances by the attorney already employed. They also knew the contractual obligation of defendant to incur and sustain the entire expense of defending the suit, though not to reimburse the insured for expense incurred by him not authorized by the insurer. The insurer also knew of the obligation on their part, but knew that they were not obligated to pay the unauthorized expense incurred by insured. The insurer may also have notice of the fact that the employment of additional counsel usually is made through counsel already employed. So that when insurer observes that Powell and Hamilton are engaged in services in the defense of the case, and knowing that it did not authorize such employment, all the circumstances should be submitted to the jury to find whether they created the reasonable duty to Powell and Hamilton to inquire of them the nature of their employment, and whether insurer should rest solely upon information furnished by their attorney.

The affirmative charge was not due defendant on the basis of such proof.

We do not consider it necessary to pass on all the assignments of error. The views we have expressed seem to us to be sufficient for another trial.

For the error in overruling objection to the letter to which we have referred, the judgment is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.